B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Namhawk, LLC | DEFENDANTS<br>Carrollton Gateway Development Partners, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Tittle Law Group, PLLC<br>1125 Legacy Dr., Ste. 230, Frisco, Texas 75034<br>972.213.2316 | ATTORNEYS (If Known)<br>Holmgren Johnson Mitchell Madden, LLP<br>12801 N. Central Expywy., Ste. 140, Dallas, TX<br>972.484.7780 |
| PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Namhawk, LLC seeks a declaratory judgment that Carrollton Gateway Development Partners, LLC wrongfully foreclosed on certain land worth $14.8 million.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property – §547 preference
☐ 13-Recovery of money/property – §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Declaratory Judgment |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Carrollton Gateway Development Partners, LLC | BANKRUPTCY CASE NO.<br>24-33585 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Jernigan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>12/15/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>*Brandon Tittle* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Brandon J. Tittle
Texas Bar No. 24090436
**TITTLE LAW GROUP, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlelawgroup.com

**COUNSEL FOR NAMHAWK, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 24-33585-sgj11** |
| **CARROLLTON GATEWAY** | § | |
| **DEVELOPMENT PARTNERS, LLC,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

| | | |
|---|---|---|
| **NAMHAWK, LLC,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adv. No. 24-_____** |
| | § | |
| **CARROLLTON GATEWAY** | § | |
| **DEVELOPMENT PARTNERS, LLC,** | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Namhawk, LLC ("Namhawk"), a creditor and party-in-interest in the above-captioned chapter 11 case, files this *Complaint for Declaratory Judgment* (hereinafter, "Complaint") against Carrollton Gateway Development Partners, LLC ("Carrollton Gateway," or the "Debtor"). As the basis for this Complaint, Namhawk states the following:

## NATURE OF THE ACTION

1.      In this case, the Complaint seeks a declaration that Namhawk is the rightful owner

of two tracts of land located in Dallas County, Texas based on Carrollton Gateway's wrongful

foreclosure of its Junior Deed of Trust (defined below).

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Northern District of Texas has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding

under 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This adversary proceeding is commenced pursuant to Rule 7001(2) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 105(a) of Chapter 11, Title

11 of the United States Code (the "Bankruptcy Code").  Declaratory relief is appropriate pursuant

to Bankruptcy Rule 7001 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5.      Namhawk consents to entry of a final order or judgment with respect to this

Complaint if it is determined that this Court, absent consent of the parties, cannot enter final orders

or judgment consistent with Article III of the United States Constitution.

## PARTIES

6.      Plaintiff Namhawk is a Texas limited liability company with its principal place of

business in Carrollton, Texas.

7.      Defendant Carrollton Gateway is a Texas limited liability company with its

principal place of business located at 12801 North Central Expressway, Ste. 140, Dallas, Texas

75243.  Defendant Carrollton Gateway is a debtor-in-possession in the above-captioned Cchapter

11 proceeding.

## FACTUAL ALLEGATIONS

8.      On May 15, 2021, the members (the "Members") of the Debtor adopted the

Unanimous Written Consent of the Members of Namhawk LLC, pursuant to which the Members

amended the Debtor's current units of membership interests reflected in Namehawk's Operating

Agreement effective January 30, 2019, as follows:

| Member's Name | Percentage Interest |
|---|---|
| Vinh Thi Hien, LLC | 51% |
| Dickerson35 Investments, LLC | 30% |
| Young Sung | 14% |
| New Orca, LLC | 4% |
| YS Carrollton Investment, Inc. | 1% |

9.      YS Carrollton Investment, Inc. ("YS Carrollton") is Namhawk's Managing

Member and is the only member with signatory authority to bind Namhawk.  Young Sung is the

sole stockholder of YS Carrollton.

10.     Namhawk's owns two tracts of real property (the "Land") in Carrollton, Texas that

are currently valued in the aggregate amount of approximately $14 million.  The Land is defined

as follows:

Tract 1:

Being a tract of land in the Alex W. Perry Survey, Abstract No. 1147 and the B.B.B.
& C. R.R. Survey, Abstract No. 212, Dallas County, Texas.

Tract 2:

Including a tract of land in the Alex W. Perry Survey, Abstract No. 1147 and the
B.B.B. & C. R.R. Survey, Abstract No. 212, Dallas County, Texas, and being all of
Lot 1, Block 1, Metrocel Broadway Addition, as recorded in Volume 94102, Page
2065, Plat Records Dallas County, Texas.

11.     On September 24, 2021, the Debtor, as borrower, and BancorpSouth Bank (the

"BancorpSouth"), as lender, entered into that certain Promissory Note (the "Note") in the original

principal sum of $6,700,000.00 payable to the Bank, with a balloon payment due in September 2022. The Note is secured by a Deed of Trust, Security Agreement, and Financing Statement (the "First Lien Deed of Trust") which granted a lien on the Land.

12.     On April 24, 2022, the Members of the Debtor, along with the Debtor's Manager, YS Carrollton, entered into that certain Purchase and Sale Agreement (the "PSA") with Carrollton Gateway Development Partners, LLC ("Carrollton Gateway"). Attached hereto as **Exhibit A** is a true and correct copy of the PSA. Pursuant to the PSA, Carrollton Gateway agreed to purchase the Members' equity interests in the Debtor for $2,369,850.00 and to repay the Note from proceeds derived from a private placement of Class A Membership Units in Carrollton Gateway.

13.     Despite clear language in the PSA, Carrollton Gateway was unable to secure third party funding to syndicate the purchase of the Members' equity interests and to develop the Land.

14.     On April 28, 2023, Namhawk, its Members, and Carrollton Gateway attended a pre-suit mediation before the Honorable Michael Metcalf (the "Mediator"). At the conclusion of the mediation, the parties entered into a Settlement Agreement (the "Settlement Agreement") whereby the Debtor agreed to pay Carrollton Gateway Five Hundred Thousand Dollars ($500,000.00) (the "Settlement Payment") on or before January 15, 2024. Attached hereto as **Exhibit B** is a true and correct copy of the Settlement Agreement.

15.     In accordance with paragraph 7 of the Settlement Agreement, the Debtor and its Members agreed to a second lien deed of trust being placed on the Land to secure payment of the settlement funds using a mutually agreeable form of security instrument. Paragraph 7 of the Settlement Agreement states as follows:

> If one or more disputes arise with regard to the interpretation and/or **performance** of this agreement or any of its provisions, **the parties agree to attempt to resolve same by phone conference with the mediator who facilitated the settlement**. If the parties cannot resolve their differences by phone conference, then each agrees to

schedule one day of mediation with the mediator within thirty (30) days to resolve the disputes and to share the costs of same equally. If a party refuses to mediate, then that party may not recover the attorney fees or costs in any litigation brought to construe or enforce this agreement. Otherwise, if mediation is unsuccessful, then the prevailing party or parties shall be entitled to recover reasonable attorneys' fees and expenses, including the cost of the unsuccessful mediation.

*See* Settlement Agreement ¶ 7 (emphasis added).

16.     At the conclusion of the mediation, Young Sung, and not YS Carrollton (the only authorized signatory of Namhawk), executed the Second Lien Deed of Trust (the "Second Lien Deed of Trust") on behalf of Namhawk. Attached hereto as **Exhibit C** is a true and correct copy of the Second Lien Deed of Trust. The Second Lien Deed of Trust granted Carrollton Gateway a junior lien on the Land and acknowledged that the Second Lien Deed of Trust was subject to the First Lien Deed of Trust provided to Cadence Bank, as successor in interest to BancorpSouth Bank . Wholly absent from the Second Lien Deed of Trust were any covenants regarding payment obligations owed to Carrollton Gateway. Specifically, the Debtor's obligations (the "Grantor's Obligations") under the Second Lien Deed of Trust were limited to the following terms:

> Grantor agrees to—
> Keep the Property in good repair and condition;
> Pay all taxes and assessments on the Property before delinquency;
> Defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;
> Maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverage"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;
> Obey all laws, ordinances, and restrictive covenants applicable to the Property;
> Keep any building occupied as required by the Required Insurance Coverages;
> If the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments, and
> Notify Lender of any changes of address.

*See* Second Lien Deed of Trust p. 2.

17.     The Second Lien Deed of Trust defines the term "Obligation" as the following:

$500,000.00 in Settlement Funds from that certain Settlement Agreement by and among Grantor. Grantor's equity interest holders, and Lender, dated August 28, 2023.

*See* Second Lien Deed of Trust p. 1

18.     The Second Lien Deed of Trust does not provide a deadline when the Obligation was to be paid by Namhawk. The Second Lien Deed of Trust is equally silent as to what constitutes an event of default under the agreement. As stated above, the Grantor's Obligations do not include a provision requiring the payment of the Obligation by a certain deadline.

19.     On July 3, 2024, counsel for Carrollton Gateway, Dennis Holmgren, sent a demand letter (the "Demand Letter") to Namhawk requesting that it immediately pay the Settlement Payment. Attached hereto as **Exhibit D** is a true and correct copy of the Demand Letter. As shown in the Demand Letter, Mr. Holmgren did not request that the parties resolve the alleged breach of performance of the Settlement Agreement through mediation in accordance with paragraph 7 of the Settlement Agreement, thereby breaching the terms of the Settlement Agreement.

20.     On October 1, 2024, and without providing notice to Namhawk, its Members, its Manager, or its counsel, Carrollton Gateway wrongfully foreclosed (the "Foreclosure Proceeding") on the Land based on the Second Lien Deed of Trust, thereby taking title to the Land subject to the First Lien Deed of Trust. Carrollton Gateway recorded its Foreclosure Sale Deed (the "Foreclosure Sale Deed") at the Foreclosure Proceeding. Attached hereto as **Exhibit E** is a true and correct copy of the Foreclosure Sale Deed. According to the Foreclosure Sale Deed, Carrollton Gateway purchased the Land for $50,000.00 by way of a credit bid (the "Purchase Price").

21.     On November 4, 2024 (the "Petition Date"), Carrollton Gateway commenced a case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

22.     On December 2, 2024, Carrollton Gateway filed its Schedules [Docket No. 9] (the "Schedules").  Attached hereto as **Exhibit F** is a true and correct copy of the Schedules.  According to the Schedules, Carrollton Gateway asserts title to the Land and lists the Land as having a fair market value of $8,492,915.74, after reducing the secured debt of $5,987,084.26 from the property (the "Scheduled Value").  Thus, despite the Land's Scheduled Value, Carrollton Gateway purchased the Land from itself for less than 1% of the Land's value.  Carrollton Gateway stands to make $8,442,915.74 in equity from the Land based on the Purchase Price of $50,000.00.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Settlement Agreement – Declaratory Judgment Under 28 U.S.C. § 2201(a))

23.     The allegations set forth above are incorporated herein by reference.

24.     An actual legal and substantial controversy exists between the parties regarding whether Carrollton Gateway breached the terms of the Settlement Agreement by foreclosing on the Land without attempting to resolve the alleged breach of performance.  This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

25.     Pursuant to paragraph 7 of the Settlement Agreement, the parties agreed to resolve any breach of performance of the Settlement Agreement or any of its provisions through phone conferences with the Mediator.

26.     Carrollton Gateway did not request that the parties attend phone conferences with the Mediator based on Namhawk's failure to pay the Settlement Payment.

27.     Carrollton Gateway breached the Settlement Agreement by foreclosing on the Land without attempting to resolve Namhawk's alleged breach of performance without first attempting to attend phone conferences with the Mediator.

28.     Accordingly, Namhawk is entitled to a Declaratory Judgment that Carrollton Gateway breached the Settlement Agreement.

29.     In the event Namhawk succeeds in proving that Carrollton Gateway breached the Settlement Agreement, Namhawk plans to assert a proof of claim asserting specific performance damages, including requiring that the foreclosure be abandoned without delay.

30.     Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties.

## <u>COUNT II</u>
### (Wrongful Foreclosure – Declaratory Judgment Under 28 U.S.C. § 2201(a))

31.     The allegations set forth above are incorporated herein by reference.

32.     An actual legal and substantial controversy exists between the parties regarding whether Carrollton Gateway wrongfully foreclosed on the Land.  This controversy is of sufficient immediacy to warrant judicial relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2.

33.     A defect in the Foreclosure Proceeding occurred because Namhawk was not in default of the Second Lien Deed of Trust.  Namhawk was in compliance with all the Grantor's Obligations at the time of the Foreclosure Proceeding, and the Second Lien Deed of Trust did not state a deadline when the Obligation would be paid.

34.     A defect in the Foreclosure Proceeding occurred because Carrollton Gateway failed to serve written notice of the sale by certified mail on Namhawk's registered agent or corporate represenattive at least 21 days before the date of the Foreclosure Proceeding.

35.     A defect in the Foreclosure Proceeding occurred because Carrollton Gateway did not serve written notice by certified mail on Namhawk's registered agent or its corporate representative stating the Namhawk was in default of the Second Lien of Trust and giving Namhawk at least 20 days to cure the default before notice of the foreclosure sale was served.

36.     The Purchase Price is a grossly inadequate selling price.  Despite selling the Land to itself for $50,000.00, Carrollton Gateway lists the Land as having the Scheduled Value on its Schedules.  The Scheduled Value is commensurate with Namhawk's valuation of the Land based on a recent appraisal that was performed for Namhawk.

37.     Had Namhawk received proper notice of the Foreclosure Proceeding, Namhawk would have paid off the Obligations, and would have paid more for the Land than the Purchase Price.  At the very least, Namhawk and its Members would have invited investors to try to purchase the Land at the Foreclosure Proceeding.

38.     Accordingly, Namhawk is entitled to a Declaratory Judgment that Carrollton Gateway wrongfully foreclosed on the Land, and that title to the Land belongs to Namhawk.

39.     Such a declaration will serve the twin interests of judicial efficiency and cost effectiveness by terminating the substantial and actual controversy between the parties.

## PRAYER FOR RELIEF

WHEREFORE, Namhawk respectfully requests that the Court enter judgment in favor of Namhawk as follows:

(a) On Count I, declaring that Carrollton Gateway breached the Settlement Agreement;

(b) On Count II, declaring that Carrollton Gateway wrongfully foreclosed on the Land, thereby setting aside the foreclosure sale; and

(c) Granting Namhawk such other relief as the Court deems appropriate under the circumstances.

Dated: December 15, 2024.                    Respectfully submitted,

                                             */s/ Brandon J. Tittle*
                                             Brandon J. Tittle
                                             Texas Bar No. 24090436
                                             **TITTLE LAW GROUP, PLLC**
                                             1125 Legacy Dr., Ste. 230
                                             Frisco, Texas 75034
                                             Telephone: 972.213.2316
                                             Email: btittle@tittlelawgroup.com

                                             **COUNSEL FOR NAMHAWK, LLC**

## <u>EXHIBIT A</u>

Purchase and Sale Agreement

## PURCHASE AND SALE AGREEMENT

This **PURCHASED AND SALE AGREEMENT** the ("**Agreement**" ) is dated to be effective the 24th day of April, 2022 (the "**Effective Date**") and is made by and among **YOUNG SUNG**, a natural person ("**Sung**"); **YS CARROLLTON INVESTMENTS, INC.**, a Texas corporation ("**YS**"), **DICKERSON 35 INVESTMENTS, LLC**, a Texas limited liability company ("**Dickerson**), **VINH THI HIEN, LLC, a** Texas limited liability company ("**Hein**"), **NEW ORCA, LLC**, a Texas limited liability company ("**New Orca**"), and **NAMHAWK, LLC**, a Texas limited liability company ("**NamHawk**"), on the one hand (individually and collectively, "**Seller**") and **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company, on the other hand ("**Purchaser**"), each of which a "**Party**" (or, collectively, the "**Parties**").

### RECITALS

**WHEREAS**, each of Sung, YS, Dickerson, Hein and New Orca are the Member of NamHawk, collectively owning one hundred percent (100%) of the membership interests in NamHawk, as follows:

| Seller | Ownership Percentage |
|---|---|
| Sung | 50% |
| YS | 1% |
| Dickerson | 30% |
| Hein | 15% |
| New Orca | 4% |
| Total | 100% |

(collectively, the "**Interests**");

**WHEREAS**, the Company owns certain real property located in Carrollton, Texas, as more fully described in Exhibit A, attached hereto and incorporated herein by reference;

**WHEREAS**, the Company currently has a loan outstanding to BancorpSouth in the approximate principal balance of $6,700,000.00, with a balloon payment due in September 2022 (the "**Loan**");

**WHEREAS**, the Loan is non-assumable and encumbers the Property;

**WHEREAS**, the Purchaser is in the process of conducting a private placement of Class A Membership Units in Purchaser in an aggregate amount of $11,375,000.00, as amended from time to time (the "**Offering**");

**WHEREAS**, it is Purchaser's present intent to use the proceeds of the Offering to pay the Purchase Price and to repay the Loan.

**WHEREAS**, Sellers and Urban Planning Partners, LLC ("**UPP**") entered into that certain Binding Term Sheet (the "**Term Sheet**");

**WHEREAS**, UPP is the Manager of Purchaser and Purchaser is the NewCo referred to in the Term Sheet;

**WHEREAS**, Seller's desire to sell and Purchaser desires to purchase the Interests in accordance with the terms and conditions of this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.     Sale of Interests.**  Upon and subject to the terms and conditions hereinafter set forth, and for the consideration described herein, Purchaser agrees to purchase from Seller, and Seller agrees to grant, sell, transfer, assign, and convey the Interests to Purchaser free and clear of any mortgage, pledge, lien, charge, security interest, claim, community property interest, option, equitable interest, restriction of any kind (including, but not limited to, any restriction on use, voting, transfer, receipt of income, or exercise of any other ownership attribute), or other encumbrance (each, an "Encumbrance").  The Parties acknowledge that a sale of the Interests prior to the repayment of the Loan may constitute an event of default of the Loan.  The Parties agree that the Agreement shall constitute an executory contract to purchase the Interests and that title to the Interests will vest in Purchaser automatically upon repayment of the Loan (the "Vesting Date").

**2.     Purchase Price.**  Purchaser shall pay to Sellers the following sale price (the "Sale Price") for the Interests:

| Seller | Portion of Sale Price |
| --- | --- |
| Sung and YS | $900,000.00 |
| Dickerson | $450,000.00 |
| Hein | $811,000.00 |
| New Orca | $208,850.00 |
| Total | $2,369,850.00 |

The Purchase Price shall be payable once the Offering has raised in excess of $3,000,000.00, and shall be paid within three (3) business days after Purchaser has control over said funds such that they can be released to pay the Purchase Price.

Dickerson, Hein, and YS shall be admitted to Purchaser as members of Purchaser, holding Class B Membership interests in of Purchaser.  Dickerson's Class B Capital Contribution in Purchaser shall be deemed to be $2,200,000.00; Hein's Class B Capital Contribution in Purchaser shall be deemed to be $1,500,000.00; and YS's Class B Capital Contribution in Purchaser shall be deemed to be $1,500,000.00.  While the Operating Agreement of Purchaser contains anti-assignment provisions, UPP will allow Dickerson and Hein to sell their Class B Membership Interests provided the replacement members are reasonably acceptable to UPP.

**3.     Development of the Property.**  Purchaser shall take over the development and operations of the Property and any income derived therefrom, and NamHawk hereby appoints Purchaser as its attorney in fact to take all actions incident and relating thereto, including, without limitation, operating, leasing, selling, leasing, developing, and conducting the day-to-day

decision making with respect to the Property. Namhawk shall take no further action with respect to the Property without the express written consent of Purchaser.

4.    **Namhawk Liabilities.**    Purchaser shall advance an additional sum up to $630,150.00 (the "**Liability Amount**") to settle the liabilities set forth on **Exhibit B**, attached hereto and incorporated herein by reference.    Namhawk hereby appoints Purchaser as its agent-in-fact and attorney-in fact to negotiate such liabilities.    To the extent that such liabilities are less than the Liability Amount, any excess shall be paid to Sung or his designee.

5.    **Voting Interests and Proxy.**    Upon execution of this Agreement, each of Sellers will execute and deliver an irrevocable proxy (the "**Proxy**") in the form attached hereto as **Exhibit C** relative to the Interests and, by this Agreement, shall be deemed to have so executed and delivered such Proxy.    Sellers hereby appoint Purchaser as their attorney in fact to execute the Proxy on their behalf if Seller shall fail to deliver the Proxy.

It is the express intent of the Parties to avoid a default of the Loan.    Therefore, if it is necessary to vacate the Proxy to avoid a deemed sale of the Interests such that the Loan is in default, Sellers agree that they will vote the Interests only as directed by Purchaser, will not vote the Interests unless directed by Purchaser, and will promptly execute any consents, resolutions, or other documents tendered to them by Purchaser.    Sellers will not cause or allow any Encumbrances to affect the Interests.

6.    **Sale of the Property.** The Loan allows for the partial release of the three (3) parcels real property owned by NamHawk.    Upon demand by Purchaser, NamHawk shall immediately transfer any parcel demanded to be transferred upon payment by Purchaser of the release price for such parcel to BancorpSouth.    For tax and accounting purposes, any such transfer shall be deemed to have occurred at its income tax basis and the then-current income tax basis shall pass to Purchaser.

7.    **BancorpSouth Loan.** Purchaser has and shall continue to advance to NamHawk sufficient funds on a monthly basis to make the monthly payments on the Loan ("**Loan Advances**").    In the event the transaction contemplated hereby fails to close, NamHawk will repay the Loan Advances to Purchaser.    Seller acknowledges that Purchaser has made two (2) Loan Advances as of June 18, 2022.

8.    **Liabilities of NamHawk.** Save and except for the Loan, Sellers shall and hereby do indemnify Purchaser for any claims, demands, or other sums due or alleged to be due for any: (i) obligations incurred prior to the effective date of the transaction, (ii) any claims or obligations or liabilities not disclosed on the financials disclosed by NamHawk, to include the Profit and Loss Statement provided by NamHawk; and (iii) any income or other taxes for periods prior to the Transfer Date.

9.    **Representations and Warranties of Seller:**    Sellers covenant, represent, and warrant to Purchaser that, now and at the Vesting Date:

(A)    Sellers are the owners of good and indefeasible title to the Interests free of all Encumbrances, and have the full power and authority to enter into and perform this Agreement in accordance with its terms;

(B)    To Seller's knowledge, there are no claims, actions, suits, litigation, condemnation actions or other proceedings pending or threatened by any entity against Sellers or the Interests;

(C)    Seller has obtained all consents, and has given all notices, which are required in connection with the execution and delivery of this Agreement and the consummation of the transaction contemplated herein; and

(D)    The individual executing this Agreement on behalf of Seller is authorized to do so and, upon executing this Agreement, this Agreement shall be binding and enforceable upon Seller in accordance with its terms.

10.    **Notices.** Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly delivered upon personal delivery or upon confirmed facsimile transmission or, if an email address is provided below, by email, as of the second business day after mailing by United States mail, postage prepaid, return receipt requested, or upon the next business day if delivered by Federal Express or similar overnight delivery system, addressed as follows:

If to Sellers:

> Mr. Young Sung
> YS Carrollton Investment, Inc.
> Namhawk, LLC
> 4321 Milsop Drive.
> Carrollton, Texas 75010

> Vinh Thi Hien, LLC
> c/o Vihn Pham
> 8302 Fallbrook Drive
> Sachse, Texas 75048

> Dickerson 35 Investments, LLC
> c/o Hari Pillai
> 660 West Campbell Road, Suite 100
> Richardson, Texas 75080

> New Orca, LLC
> c/o Mr. Sanjay Pillai
> 3404 Bear Creek Drive
> Hurst, Texas 76054

If to Purchaser:

> Carrollton Gateway Development Partners, LLC
> c/o Dennis M. Holmgren
> 12801 N. Central Expy., Ste. 140
> Dallas, Texas 75243

dennis@hjmmlegal.com

**11.   General.**

11.1.   <u>Gender</u> and Number.   The use herein of (i) the neutral gender includes the masculine and the feminine, and (ii) the singular number includes the plural, whenever the context so requires.

11.2.   <u>Captions</u>.   Captions in this Agreement are inserted for convenience of reference only and do not define, describe or limit the scope or the intent of this Agreement or any of the terms hereof.

11.3.   <u>Exhibits</u>.   All exhibits and schedules referred to herein and attached hereto are hereby made a part hereof and are incorporated herein by this reference.

11.4.   <u>Entire Agreement</u>.   This Agreement contains the entire agreement between the parties relating to the transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, oral or written, including the Term Sheet, are hereby superseded and replaced by this Agreement.

11.5.   <u>Modification</u>.   No modification, waiver, amendment, discharge or change of this Agreement shall be valid unless the same is in writing and signed by the party against which the enforcement of such modification, waiver, amendment, discharge or change is or may be sought.

11.6.   <u>Periods of Time</u>.   All periods of time referred to in this Agreement shall include all Saturdays, Sundays and state or national holidays, unless the period of time specifies Business Days, provided that if the date or last date to perform any act or give any notice with respect to this Agreement shall fall on a Saturday, Sunday or state or national holiday, such act or notice may be timely performed or given on the next succeeding day which is not a Saturday, Sunday or state or national holiday.

11.7.   <u>Counterparts</u>.   This Agreement may be executed in counterparts, all of which when taken together shall be deemed fully executed originals.

11.8.   <u>Attorneys' Fees</u>.   In the event either party commences litigation for the judicial interpretation, enforcement, termination, cancellation or rescission hereof, or for damages (including liquidated damages) for the breach hereof, then, in addition to any or all other relief awarded in such litigation, the prevailing party therein shall be entitled to a judgment against the other for an amount equal to reasonable attorneys' fees and court and other costs incurred.

11.9.   <u>Joint and Several Liability</u>.   If any party consists of more than one person or entity, the liability of each such person or entity signing this Agreement shall be joint and several.

11.10. <u>Choice of Law</u>.   THIS AGREEMENT SHALL BE GOVERNED BY, INTERPRETED AND CONSTRUED, AND ALL CLAIMS AND DISPUTES, WHETHER IN TORT, OR CONTRACT OR OTHERWISE BE RESOLVED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF TEXAS WITHOUT REFERENCE TO ANY

RULES OF CONFLICT OF LAWS.  THE PARTIES AGREE AND ACKNOWLEDGE THAT ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT OR RELATED TO ANY MATTER WHICH IS THE SUBJECT OF THIS AGREEMENT SHALL BE SUBJECT TO THE EXCLUSIVE JURISDICTION OF THE STATE DISTRICT OR FEDERAL COURTS LOCATED IN DALLAS COUNTY, TEXAS.

**11.11.  Jury Waiver.    BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY EXPRESSLY AND IRREVOCABLY: (A) WAIVES ANY RIGHT TO A TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION ARISING UNDER THIS AGREEMENT, , OR ANY OF THE DEALINGS OF THE PARTIES HERETO, WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER FOUNDED IN CONTRACT OR TORT OR OTHERWISE; AND (B) AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE TRIED BY A COURT WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS AGREEMENT WITH A COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE SIGNATORIES HERETO TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.**

11.12.  Time.  Time is of the essence to this Agreement.

11.13.  No Third Party Beneficiary.  Except as specifically set forth or referred to herein, nothing herein is intended or shall be construed to confer upon any person, or entity other than the Parties, any rights or obligations under or by reason of this Agreement. The rights and obligations detailed in this Agreement shall not be assigned by either Party.

11.14.  Severability.  In the event any term, covenant, condition, provision or agreement herein contained is held to be invalid, void or otherwise unenforceable by any court of competent jurisdiction, the fact that such term, covenant, condition, provision or agreement is invalid, void or otherwise unenforceable shall in no way affect the validity or enforceability of any other term, covenant, condition, provision or agreement herein contained.

11.15.  Binding Agreement.  Subject to any limitation on assignment elsewhere set forth herein, all terms of this Agreement shall be binding upon, inure to the benefit of, and be enforceable by the parties hereto and their respective legal representatives, successors and assigns.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed to be effective as of the Effective Date.

SIGNATURES TO FOLLOW ON NEXT PAGE

**Seller**:

NAMHAWK, LLC
By: YS Carrollton Investment, Inc.
Its: Manager

By:_____
          Young Sung,
          President

_____
Young Sung, Individually

YS CARROLLTON INVESTMENT, INC.

By:_____
          Young Sung,
          President

DICKERSON 35 INVESTMENTS, LLC

By:_____
          Haridassan Pillai,
          Manager

VINH THI HIEN, LLC

By:_____
          Vinh Ngoc Thanh Pham,

NEW ORCA, LLC

By:_____
          Sanjay Pillai,
          Manager

**Purchaser:**

CARROLLTON GATEWAY
DEVELOPMENT PARTNERS, LLC

By: Urban Planning Partners, LLC
lts: Manager


By:_____
        Ken Morrison
        Manager

**Exhibit A**
**Property Description**

Tract 1:

Being a tract of land in the Alex W. Perry Survey, Abstract No. 1147 and the B.B.B. & C. R.R. Survey, Abstract No. 212, Dallas County, Texas, and being more particularly described by metes and bounds as follows:

Commencing at the intersection of the southwest right-of-way line of North Broadway (a 40' R.O.W.), and the north line of Jackson Road (a 60' R.O.W.);

Thence, along said southwest line of North Broadway, north 39 degrees 07 minutes 00 seconds west, a distance of 308.68 feet a found 1/2" iron road at the point of beginning:

Thence, south 51 degrees 20 minutes 21 seconds west, a distance of 332.99 feet to a found 1/2" iron rod for corner in the northeast line of North I.H. 35-E, said point being the beginning of a curve to the left having a central angle of 01 degrees 26 minutes 38 seconds, a radius of 6022.00 feet, a chord bearing of north 38 degrees 32 minutes 34 seconds west and a chord length of 151.75 feet;

Thence, along said curve to the left and along said northeast line of North I.H. 35-E, a distance of 151.76 feet to a point for corner;

Thence, continuing along said north east line of North I.H. 35-E, north 39 degrees 15 minutes 53 seconds west, a distance of 1176.58 feet to a point for corner in the southwest line of a TEXDOT right of way;

Thence, along said south line of said TEXDOT right of way, north 58 degrees 25 minutes 47 seconds east, a distance of 101.00 feet to a point for corner in the southwest line of said TEXDOT right of way;

Thence along the east line of said TEXDOT right of way, north 38 degrees 51 minutes 02 seconds west, a distance of 128.12 to a point for corner in the southwest line of a TEXDOT right of way;

Thence, along the east line of said TEXDOT R.O.W. North 49 degrees 58 minutes 51 seconds west, a distance of 143.74 to a point for corner at beginning of a curve to the right with a radius having a central angle of 02 degrees 51 minutes 13 seconds, a radius of 949.00 feet, a chord bearing of north 51 degrees 22 minutes 12 seconds east and a chord length of 47.26 feet to a point for corner in the southwest line of said R.O.W of said N. Broadway;

Thence, along the southwest line of North Broadway south 39 degrees 07 minutes 00 seconds east, a distance of 997.91 feet to a set 1/2" iron rod for corner;

Thence south 50 degrees 53 minutes 00 seconds west, a distance of 15.50 feet to a set 1/2" iron rod for corner;

Thence south 39 degrees 07 minutes 00 seconds east, a distance of 130.31 feet to a set 1/2" iron rod for corner;

Thence north 50 degrees 53 minutes 00 seconds east, a distance of 15.50 feet to a found 1/2" iron rod for corner, said corner being in the southwest line of North Broadway;

Thence south 39 degrees 07 minutes 00 seconds east, a distance of 670.62 feet to the point of beginning and containing 421,263 square feet or 9.6709 acres.

Tract 2:

Including a tract of land in the Alex W. Perry Survey, Abstract No. 1147 and the B.B.B. & C. R.R. Survey, Abstract No. 212, Dallas County, Texas, and being all of Lot 1, Block 1, Metrocel Broadway Addition, as recorded in Volume 94102, Page 2065, Plat Records Dallas County, Texas, and being more particularly described as follows:

Commencing at the intersection of the southwest right-of-way line of North Broadway (a 40' R.O.W.), and the north line of Jackson Road (a 60' R.O.W.):

Thence, along said southwest line of North Broadway, north 39 degrees 07 minutes 00 seconds west, a distance of 2107.52 feet a set 1/2" iron road at the point of beginning:

Thence, along the southwest line of North Broadway south 39 degrees 07 minutes 00 seconds east, a distance of 250.70 feet to a found 1/2" iron rod at the beginning of a curve to the right having a radius of 1051.00 feet, a central angle of 02 degrees 34 minutes 36 seconds:

Thence along said curve to the right an arc distance of 47.27 feet to a point for corner:

Thence south 49 degrees 56 minutes 51 seconds east, a distance of 197.63 feet to a point for corner:

Thence north 84 degrees 39 minutes 31 seconds east, a distance of 63.21 feet to a point for corner:

Thence north 38 degrees 30 minutes 55 seconds west, a distance of 152.57 feet to a point for corner:

Thence north 55 degrees 46 minutes 00 seconds east, a distance of 185.97 feet to a found 1/2" iron rod for corner, said corner being the southeast corner of a tract of land conveyed to Ross D. and Alicia P. Washam, as recorded in Volume 78007, Page 611, and Volume 542, Page 1043, D.R.D.C.T:

Thence north 39 degrees 07 minutes 00 seconds west, a distance of 153.26 feet to a set 1/2" iron rod for corner, said corner being the southwest corner of a 0.528 acre tract of land called "Tract 11" of the Alex W. Perry Survey:

Thence north 55 degrees 46 minutes 00 seconds east, a distance of 84.95 feet to a set 1/2" iron rod for corner:

Thence south 39 degrees 07 minutes 00 seconds east, a distance of 76.65 feet to a set 1/2" iron rod for corner:

Thence north 55 degrees 46 minutes 00 seconds east, a distance of 15.05 feet to the point of beginning and containing 66420.20 square feet or 1.5248 acres of land.

**Exhibit B**
**NamHawk Liabilities**

**Exhibit C**
**Form of Proxy**

I _Uncle This Hein LLC_ , the undersigned member (the "**Member**"), with an address of _6302 Fallbrook Dr_ , hereby designate **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC** (the "**Proxy**") as my proxy to vote my Membership Interests (the "**Membership Interests**") in NamHawk, LLC (the "**Company**");

By this designation of proxy, the I hereby revoke any prior designation of proxy that I may have previously given with respect to the Membership Interests;

This designation of proxy shall be effective immediately, and shall be irrevocable.

My Proxy shall have the full power, as my substitute, to represent the me and vote the Membership Interests on all issues and other matters relating to the Company. My Proxy shall have the authority to vote entirely in the discretion of the Proxy. My Proxy's authority to act for me and to vote my Membership Interests in the Companies is not limited to any specific matters and/or issues and my Proxy shall have full power and authority to vote on all matters until the date just set forth.

In addition, I hereby appoint CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC as my attorney in fact to exercise, do, or perform any act, right, power, duty, or obligation whatsoever that I now have or may acquire the legal right, power, or capacity to exercise, do, or perform in connection with, arising out of, or relating to my Membership Interests as may arise on any matter requiring a vote for the Company.

This Proxy and power of attorney granted herein shall become irrevocable and shall be coupled with an interest.

The voting rights and other rights granted to the Proxy herein follow any transfer of the Membership Interests unless the Proxy consents to their release of this Proxy.

MEMBER

_Chris Brown_

## **EXHIBIT B**

Settlement Agreement

| Carrollton Gateway Development Partners, LLC, a Partnership | § | IN A PRE SUIT |
| | § | |
| | § | MEDIATION HELD IN |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

## SETTLEMENT AGREEMENT

1      The undersigned parties agree to settle all claims and controversies between and among them, whether asserted or not in the above styled matter.  Notwithstanding any handwritten or other contrary provision, the parties intend to be immediately bound by this settlement agreement.  The parties stipulate to all facts necessary for a Court to render judgment on this settlement agreement for which the parties waive all requirements of pleading and summary judgment motion procedure and stipulate to the entry of judgment hereon.  Only modifications in writing, signed by all parties and their counsel, if any, shall be enforceable.

2.      It is agreed the consideration to be given for settling this case is as follows: the undersigned Carrollton Gateway Development Partners, LLC, a Texas limited liability company ("Purchaser") shall receive the sum of $500,000.00 (the "Settlement Funds") the earlier of the sale of the Property[1] or January 15, 2024, said sum to be paid by Namhawk, LLC referred to as "Seller".

3.  Subject to payment of the Settlement Funds, the Purchaser agrees to release, discharge and forever hold the Seller and its members s harmless from any and all claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in the above styled or any related matter, as of the date recorded below, arising from or related to the events and transactions which are the subject of this matter.

The Seller and the undersigned members of Seller agree to release, discharge and forever hold the Purchaser and its members harmless from any and all claims, demands or suits, known or unknown, fixed or contingent, liquidated or unliquidated whether or not asserted in the above styled or any related matter, as of the date recorded below, arising from or related to the events and transactions which are the subject of this matter.

4.  The undersigned parties agree the release herein granted is mutual; runs to the benefit of all attorneys, agents, employees, insurers, officers, directors, shareholders and partners of the undersigned parties. "Party" as used in this release includes all named parties, in any capacity, to the above styled matter.

5.  Each of the undersigned warrants and represents:
      A.      The individual has authority to bind the parties for whom that signatory acts.
      B.      The claims, suits, rights and/or interests which are the subject matter hereto are owned by the party asserting same, have not been assigned, transferred or sold free of encumbrance.

6.  Counsel for the Seller shall deliver drafts of any further settlement documents to the other parties by September 8, 2023. The parties agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the terms and spirit of this agreement.

7.  If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree to attempt to resolve same by phone conference with the mediator who facilitated the settlement.  If the parties cannot resolve their differences by phone conference, then each agrees to schedule one day of mediation with the mediator within thirty (30) days to resolve the disputes and to share the costs of same equally.  If a party refuses to mediate, then that party may not recover the attorneys fees or costs in any litigation brought to construe or enforce this agreement.

---

[1] The Property shall mean that property as described in that Special Warranty Deed with Vendor's Lien from GNL Broadway, LLC, as grantor, to Namhawk, LLC, as grantee, recorded as Document Number 201900035231.

Otherwise, if mediation is unsuccessful, then the prevailing party or parties shall be entitled to recover reasonable attorneys fees and expenses, including the cost of the unsuccessful mediation.

8.   Other terms of this settlement are as follows:

- The Settlement Funds will be secured by a second lien deed of trust encumbering the Property using a mutually agreeable form of security instrument, or if the parties cannot agree on the language of a security instrument, using the standard for of deed of trust promulgated by the Texas State Bar.

- Seller will keep Purchaser reasonably informed as to the status of the Property and Seller's efforts to sell the Property, to include, without limitation, instructing the brokers to keep Purchaser reasonably informed of same.

- Namhawk shall allow Ken Morrison to store the property currently stored at the Property until the Settlement Funds are paid in full and Morrison shall have reasonable access to the Property to access such property of Mr. Morrison's.

9.   This agreement is made and shall be performed in Dallas County, Texas and shall be construed in accordance with the laws of the State of Texas.

10.   Each signatory to this settlement has been entered into same freely and without duress after having consulted with the professionals of his or her choice. Each party hereto has been advised by the Mediator that the Mediator is not the attorney for any party and that each party should have this agreement reviewed by that party's attorney prior to executing same.

Signed this 28th day of August, 2023.

Purchaser:                                              Sellers:

Carrollton Gateway Development Partners, LLC            Young Sung

By:_____                       _____
        Dennis Holmgren, Manager


                                                       YS CARROLLTON INVESTMENTS, INC.,
                                                       a Texas corporation

                                                       By:_____


                                                       DICKERSON 35 INVESTMENTS, LLC, a
                                                       Texas limited liability company


                                                       By:_____


                                                       VINH THI HIEN, LLC, a Texas limited liability
                                                       company

                                                       BY:_____

Otherwise, if mediation is unsuccessful, then the prevailing party or parties shall be entitled to recover reasonable attorneys fees and expenses, including the cost of the unsuccessful mediation.

8.  Other terms of this settlement are as follows:

- The Settlement Funds will be secured by a second lien deed of trust encumbering the Property using a mutually agreeable form of security instrument, or if the parties cannot agree on the language of a security instrument, using the standard for of deed of trust promulgated by the Texas State Bar.

- Seller will keep Purchaser reasonably informed as to the status of the Property and Seller's efforts to sell the Property, to include, without limitation, instructing the brokers to keep Purchaser reasonably informed of same.

- Namhawk shall allow Ken Morrison to store the property currently stored at the Property until the Settlement Funds are paid in full and Morrison shall have reasonable access to the Property to access such property of Mr. Morrison's.

9.  This agreement is made and shall be performed in Dallas County, Texas and shall be construed in accordance with the laws of the State of Texas.

10.  Each signatory to this settlement has been entered into same freely and without duress after having consulted with the professionals of his or her choice. Each party hereto has been advised by the Mediator that the Mediator is not the attorney for any party and that each party should have this agreement reviewed by that party's attorney prior to executing same.

Signed this 28th day of August, 2023.

Purchaser:

Carrollton Gateway Development Partners, LLC

By:_____

    Dennis Holmgren, Manager

Sellers:

Young Sung

_____

YS CARROLLTON INVESTMENTS, INC.,
a Texas corporation

By:_____

DICKERSON 35 INVESTMENTS, LLC, a
Texas limited liability company

By: _Hasmi_____

VINH THI HIEN, LLC, a Texas limited liability
company

BY:_____

Otherwise, if mediation is unsuccessful, then the prevailing party or parties shall be entitled to recover reasonable attorneys fees and expenses, including the cost of the unsuccessful mediation.

8.  Other terms of this settlement are as follows:

- The Settlement Funds will be secured by a second lien deed of trust encumbering the Property using a mutually agreeable form of security instrument, or if the parties cannot agree on the language of a security instrument, using the standard for of deed of trust promulgated by the Texas State Bar.

- Seller will keep Purchaser reasonably informed as to the status of the Property and Seller's efforts to sell the Property, to include, without limitation, instructing the brokers to keep Purchaser reasonably informed of same.

- Namhawk shall allow Ken Morrison to store the property currently stored at the Property until the Settlement Funds are paid in full and Morrison shall have reasonable access to the Property to access such property of Mr. Morrison's.

9.  This agreement is made and shall be performed in Dallas County, Texas and shall be construed in accordance with the laws of the State of Texas.

10.  Each signatory to this settlement has been entered into same freely and without duress after having consulted with the professionals of his or her choice. Each party hereto has been advised by the Mediator that the Mediator is not the attorney for any party and that each party should have this agreement reviewed by that party's attorney prior to executing same.

Signed this 28th day of August, 2023.

Purchaser:

Carrollton Gateway Development Partners, LLC

By:_____
        Dennis Holmgren, Manager

Sellers:

Young Sung

_____

YS CARROLLTON INVESTMENTS, INC.,
a Texas corporation

By:_____

DICKERSON 35 INVESTMENTS, LLC, a
Texas limited liability company

By:_____

VINH THI HIEN. LLC, a Texas limited liability
company

BY:_____

# **EXHIBIT C**

Second Lien Deed of Trust

Prepared by the State Bar of Texas for use by lawyers only.
© 1999, 2000, 2002, 2004, 2006, 2009 by the State Bar of Texas    Revised 06/09

# SECOND LIEN DEED OF TRUST

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

| | |
|---|---|
| Date: | To be effective as of August 28, 2023 (the "Effective Date") |
| Grantor: | Namhawk LLC |
| Grantor's Mailing Address: (including county): | 2145 North Josey Lane, Suite 116-245 Carrollton, Texas 75006-2992 Dallas County, Texas |
| Trustee: | Dennis M. Holmgren |
| Trustee's Mailing Address: (including county) | 12801 North Central Expressway, Suite 140 Dallas, Texas 75243 Dallas County, Texas |
| Lender: | Carrollton Gateway Development Partners, LLC |
| Lender's Mailing Address: (including county) | 12801 North Central Expressway, Suite 140 Dallas, Texas 75243 Dallas County, Texas |
| Obligation: | $500,000.00 in Settlement Funds from that certain Settlement Agreement by and among Grantor, Grantor's equity interest holders, and Lender, dated August 28, 2023 (the "**Obilgation**". |
| Property: (including any improvements): | See **Exhibit A,** attached hereto and incorporated by reference herein. Also known as: 2441 North Broadway Street Carrollton, Texas 75006 |
| Prior Lien(s) (including recording information): | Deed of Trust, Security Agreement, and Financing Statement from Grantor to Cadence Bank as successor in interest to BancorpSouth Bank, recorded as Document Number 20210028751, in the Real Property Records of Dallas County, Texas. |
| Other Exceptions to Conveyance and Warranty: | None. |

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

Clauses and Covenants

**A.    Grantor's Obligations**

Grantor agrees to—

1.  keep the Property in good repair and condition;
2.  pay all taxes and assessments on the Property before delinquency;
3.  defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;
4.  maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;
5.  obey all laws, ordinances, and restrictive covenants applicable to the Property;
6.  keep any buildings occupied as required by the Required Insurance Coverages;
7.  if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and
8.  notify Lender of any change of address.

**B.    Lender's Rights**

1.  Lender or Lender's mortgage servicer may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.
2.  If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.
3.  Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs.
4.  Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.
5.  If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.
6.  If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—
    a.  declare the unpaid principal balance and earned interest on the Obligation immediately due;
    b.  direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and
    c.  purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.
7.  Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C.    Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will—

1.  either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;
2.  sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;
3.  from the proceeds of the sale, pay, in this order—
    a.  expenses of foreclosure, including a reasonable commission to Trustee;
    b.  to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
    c.  any amounts required by law to be paid before payment to Grantor; and
    d.  to Grantor, any balance; and
4.  be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.    General Provisions**

1.    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

5.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.    Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7.    Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8.    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10.    If Grantor transfers any part of the Property without Lender's prior written consent, Lender may declare the Obligation immediately payable and invoke any remedies provided in this deed of trust for default. If the Property is residential real property containing fewer than five dwelling units or a residential manufactured home, this provision does not apply to

    a.  a subordinate lien or encumbrance that does not transfer rights of occupancy of the Property;

    b.  creation of a purchase-money security interest for household appliances;

    c.  transfer by devise, descent, or operation of law on the death of a co-Grantor;

    d.  grant of a leasehold interest of three years or less without an option to purchase;

    e.  transfer to a spouse or children of Grantor or between co-Grantors;

    f.  transfer to a relative of Grantor on Grantor's death;

    g.  a transfer resulting from a decree of a dissolution of marriage, a legal separation agreement, or an incidental property settlement agreement by which the spouse of Grantor becomes an owner of the Property; or

    h.  transfer to an inter vivos trust in which Grantor is and remains a beneficiary and occupant of the Property.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13.    This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

14.    If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

15.    Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

16.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18.    The term "Lender" includes any mortgage servicer for Lender.

19.    Grantor represents that this deed of trust and the Note are given for the following purposes:

Dated to be effective as of the Effective Date.

GRANTOR

NAMHAWK LLC, a Texas limited liability company

By:_____
        Young Sung, Authorized Representative

STATE OF TEXAS            )
                                        )
COUNTY OF DALLAS     )

This instrument was acknowledged before me on the _____ day of January, 2024 by YOUNG SUNG, in his capacity as the authorized representative of NAMHAWK LLC, a Texas limited liability company on behalf of said company.

_____
Notary Public, State of Texas
Notary's name (printed):

Notary's commission expires:

AFTER RECORDING RETURN TO:

Dennis Holmgren
Holmgren Johnson: Mitchell Madden, LLP
12801 North Central Expressway, Suite 140
Dallas, Texas 75243

PREPARED IN THE LAW OFFICE OF:

Dennis Holmgren
Holmgren Johnson: Mitchell Madden, LLP
12801 North Central Expressway, Suite 140
Dallas, Texas 75243

**Exhibit A**
**Legal Description of the Property**

THENCE ALONG THE EAST LINE OF SAID TXDOT RIGHT OF WAY, NORTH 38 DEGREES 51 MINUTES 02 SECONDS WEST, A DISTANCE OF 128.12 TO A POINT FOR CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;

THENCE, ALONG THE EAST LINE OF SAID TXDOT R.O.W. NORTH 49 DEGREES 58 MINUTES 51 SECONDS WEST, A DISTANCE OF 143.74 TO A POINT FOR CORNER AT BEGINNING OF A CURVE TO THE RIGHT WITH A RADIUS HAVING A CENTRAL ANGLE OF 02 DEGREES 51 MINUTES 13 SECONDS, A RADIUS OF 949.00 FEET, A CHORD BEARING OF NORTH 51 DEGREES 22 MINUTES 12 SECONDS EAST AND A CHORD LENGTH OF 47.26 FEET TO A POINT FOR CORNER IN THE SOUTHWEST LINE OF SAID R.O.W OF SAID N. BROADWAY;

THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 997.91 FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE SOUTH 50 DEGREES 53 MINUTES 00 SECONDS WEST, A DISTANCE OF 15.50 FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 130.31 FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE NORTH 50 DEGREES 53 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.50 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING IN THE SOUTHWEST LINE OF NORTH BROADWAY;

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 670.62 FEET TO THE POINT OF BEGINNING AND CONTAINING 421,263 SQUARE FEET OR 9.6709 ACRES.

TRACT 2:

INCLUDING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147 AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS, AND BEING ALL OF LOT 1, BLOCK 1, METROCEL BROADWAY ADDITION, AS RECORDED IN VOLUME 94102, PAGE 2065, PLAT RECORDS DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE OF NORTH BROADWAY (A40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A 60' R.O.W.):

THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 2107.52 FEET A SET 1/2" IRON ROAD AT THE POINT OF BEGINNING:

THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 250.70 FEET TO A FOUND 1/2" IRON ROD AT THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 1051.00 FEET, A CENTRAL ANGLE OF 02 DEGREES 34 MINUTES 36 SECONDS:

THENCE ALONG SAID CURVE TO THE RIGHT AN ARC DISTANCE OF 47.27 FEET TO A POINT FOR CORNER:

THENCE SOUTH 49 DEGREES 56 MINUTES 51 SECONDS EAST, A DISTANCE OF 197.63 FEET TO A POINT FOR CORNER:

THENCE NORTH 84 DEGREES 39 MINUTES 31 SECONDS EAST, A DISTANCE OF 63.21 FEET TO A POINT FOR CORNER:

THENCE NORTH 38 DEGREES 30 MINUTES 55 SECONDS WEST, A DISTANCE OF 152.57 FEET TO A POINT FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 185.97 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHEAST CORNER OF A TRACT OF LAND CONVEYED TO ROSS D. AND ALICIA P. WASHAM, AS RECORDED IN VOLUME 78007, PAGE 611, AND VOLUME 542, PAGE 1043, D.RD.CT:

THENCE NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 153.26 FEET TO A SET 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHWEST CORNER OF A 0.528 ACRE TRACT OF LAND CALLED "TRACT 11" OF THE ALEX W. PERRY SURVEY:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 84.95 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 76.65 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.05 FEET TO THE POINT OF BEGINNING AND CONTAINING 66420.20 SQUARE FEET OR 1.5248 ACRES OF LAND.

**<u>EXHIBIT D</u>**

Demand Letter



**HOLMGREN JOHNSON MITCHELL MADDEN**

**DENNIS M. HOLMGREN**
Member, State Bar of Texas and California
Registered to Practice Before the
United States Patent and Trademark Office

July 3, 2024

**VIA ELECTRONIC MAIL**
Mr. Robert Frisch, Esq.
Attorney at Law
15150 Preston Road, Suite 240
Dallas, Texas 75248

Re:     *Carrollton Gateway Development Partners, LLC v. Namhawk, LLC, et al.*: Cause No.  DC-24-00686; in the 191st Judicial District Court, Dallas County, Texas

Dear Mr. Frisch:

Relative to the above-referenced matter, I represent and write on behalf of Carrollton Gateway Development Partners, LLC ("CGDP").   Recall that last April the parties attended a mediation at which your clients agreed, among other things to: (i) pay CGDP the sum of $500,000.00 (the "Settlement Funds") on or before January 15, 2024, and (ii) to execute and record a second lien deed of trust to secure the payment of the settlement amount.  Toward that end, the parties executed a binding Settlement Agreement, a copy of which is attached to the petition in the lawsuit.

After January 15 came and went, your clients failed to pay the settlement funds as promised.  In response, you contacted me and we agreed to delay enforcement activities if your clients: (i) paid delay damages in the amount of $5,000.00 per month and executed and recorded the draft Deed of Trust.  To date, your clients have failed to pay any of the settlement funds or delay payments and have failed to execute and record the draft Deed of Trust that I have sent you on several occasions. Nor have you or your clients provided a copy of the prospective sale contract or ever updated us on the status of the sale—despite several requests for same.

At this point, my investor group is tired of waiting for a sale to occur.  In that regard, I intend to file a motion for summary judgment next Friday, July 12, 2024 unless you contact me next week and get me comfortable that CGDP will get paid the Settlement Funds in short order.  You have been doing this far longer than I have and undoubtedly can anticipate what Cadence Bank will do with respect to its first lien position if I am successful.  In the past, your individual clients have managed to generate additional investment funds to save the property when forced.  Barring comfort that we will be paid soon, one (1) of two (2) things will occur: (i) CGDP will get paid, or (ii) Cadence will likely end up with the property.  I am fine with either result as it will sort this matter to a conclusion and my investment group will be able to claim the tax loss this year.

MR. ROBERT FRISCH, ESQ.
July 3, 2024
Page 2 of 2


Obviously, Option 2 is the least favorable for all concerned.  Therefore, I encourage you to provide me with a plan if your clients want to avoid it.   If not, we are fine with burning it all down.

I thank you in advance for your time and attention to this matter.  Should you have any questions or concerns, please do not hesitate to contact me.

Best regards,


DENNIS M. HOLMGREN

## **EXHIBIT E**

Foreclosure Sale Deed

----------------------------------------------The Space Above is for Recorder's Use Only----------------------------------------------

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## FORECLOSURE SALE DEED

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Effective Date:     October 1, 2024

Deed of Trust:     **SECOND LIEN DEED OF TRUST**, recorded as Document 202400148664 in the Real Property Records of Dallas County, Texas on July 25, 2024 (the "**Deed of Trust**")

Grantor:     **NAMHAWK, LLC**, a Texas limited liability company

Grantor's Address:     2145 North Josey Lane, Suite 116-245
Carrollton, Texas 75006-2992

Beneficiary:     **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company

Substitute Trustee:     Dennis M. Holmgren

Trustee's Address:     12801 North Central Expressway, Suite 140
Dallas, Texas 75240
972-484-7780
dennis@hjmmlegal.com

Real Property:     As set forth in **Exhibit A**, attached hereto and incorporated herein by reference

TRUSTEE'S DEED                                                                                                    1

Note: That certain **SETTLEMENT AGREEMENT**, recorded as Document Number 202300244715 in the Real Property Records of Dallas County, Texas

Current Payee: **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company

County: Dallas

Date of Sale: October 1, 2024

Time Sale Began: 1:50 p.m.

Place of Sale: The north side of the Gorge Allen Courts Building facing Commerce Street or as otherwise designated by the County Commissioner's Office or County Court

Buyer: **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company

Buyer's Address: 12801 North Central Expressway
Suite 140
Dallas, Texas 75243

Amount of Sale: $50,000.00

By Deed of Trust, Grantor conveyed to Dennis M. Holmgren, as Trustee, certain property for the purpose of securing and enforcing payment of the indebtedness and obligations therein described and as described above (collectively, the Obligations), including but not limited to the Obligation.

Default has occurred in the payment of the Obligations when due. Carrollton Gateway Development Partners, LLC, the current Holder of the Obligations and the current Beneficiary of the Deed of Trust, requested Dennis M. Holmgren, as Substitute Trustee, to enforce the trust of the Deed of Trust.

Pursuant to the requirements of the Deed of Trust and the laws of the state of Texas, written notice of the time, place, date, and terms of the public foreclosure sale of the Property was posted at the designated location at the courthouse of Dallas County, Texas, the county in which the Property is situated, and a copy of the notice was also filed with the county clerk of Dallas County, Texas, each notice having been posted and filed for at least twenty-one (21) days preceding the date of the foreclosure sale.

Additionally, written notice of the time, date, place, and terms of the foreclosure sale was served on behalf of the current Beneficiary by certified mail on each debtor who, according to the records of the current Beneficiary, is obligated to pay any of the Obligations. The certified-mail

notices were timely sent by depositing the notices in the United States mail, postage prepaid in proper amount, and addressed to each debtor at the debtor's last known address as shown by the records of the current Beneficiary at least twenty-one days preceding the date of the foreclosure. A Trustee's Affidavit is attached hereto as **Exhibit B** and is incorporated herein.

In consideration of the premises and of the bid and payment, by way of credit against the unpaid balance owed on the Obligations, of the amount of $50,000.00, as a credit bid, the highest bid by Buyer, I, as Trustee, by virtue of the authority conferred on me in the Deed of Trust, have granted, sold, and conveyed all of the Property to **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC** together with their heirs and assigns, to have and to hold the Property, together with the rights, privileges, and appurtenances thereto belonging unto Buyer and Buyer's heirs and assigns forever.

I, as the Trustee, do hereby bind Grantor and Grantor's heirs and assigns to warrant and forever defend the Property to Buyer and Buyer's heirs and assigns forever, against the claim or claims of all persons claiming the same or any part thereof.

<div align="center">SIGNATURE TO FOLLOW ON NEXT PAGE</div>

pExecuted on October 1, 2024.

_____
DENNIS M. HOLMGREN

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared Dennis M. Holmgren, as Trustee/Substitute Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

SUBSCRIBED AND SWORN TO before me on October 1, 2024.



_____
Notary Public, State of Texas

MEGAN BELLOMY
Notary Public, State of Texas
Comm. Expires 12-07-2025
Notary ID 133478404

Notary Seal

When recorded return to:

Holmgren Johnson: Mitchell Madden, LLP
Attn: Dennis M. Holmgren
12801 North Central Expressway, Suite 140
Dallas, Texas 75243

TRUSTEE'S DEED                                                    4

## Exhibit A
## Property Description

TRACT 1:

BEING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147 AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE OF NORTH BROADWAY (A 40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A 60' R.O.W.);

THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 308.68 FEET A FOUND 1/2" IRON ROAD AT THE POINT OF BEGINNING:

THENCE, SOUTH 51 DEGREES 20 MINUTES 21 SECONDS WEST, A DISTANCE OF 332.99 FEET TO A FOUND 1/2" IRON ROD FOR CORNER IN THE NORTHEAST LINE OF NORTH I.H. 35-E, SAID POINT BEING THE BEGINNING OF A CURVE TO THE LEFT HAVING A CENTRAL ANGLE OF 01 DEGREES 26 MINUTES 38 SECONDS, A RADIUS OF 6022.00 FEET, A CHORD BEARING OF NORTH 38 DEGREES 32 MINUTES 34 SECONDS WEST AND A CHORD LENGTH OF 151.75 FEET;

THENCE, ALONG SAID CURVE TO THE LEFT AND ALONG SAID NORTHEAST LINE OF NORTH I.H. 35-E, A DISTANCE OF 151.76 FEET TO A POINT FOR CORNER;

THENCE, CONTINUING ALONG SAID NORTH EAST LINE OF NORTH I.H. 35-E, NORTH 39 DEGREES 15 MINUTES 53 SECONDS WEST, A DISTANCE OF 1176.58 FEET TO A POINT FOR CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;

THENCE, ALONG SAID SOUTH LINE OF SAID TXDOT RIGHT OF WAY, NORTH 58 DEGREES 25 MINUTES 47 SECONDS EAST, A DISTANCE OF 101.00 FEET TO A POINT FOR CORNER IN THE SOUTHWEST LINE OF SAID TXDOT RIGHT OF WAY;

THENCE ALONG THE EAST LINE OF SAID TXDOT RIGHT OF WAY, NORTH 38 DEGREES 51 MINUTES 02 SECONDS WEST, A DISTANCE OF 128.12 TO A POINT FOR CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;

THENCE, ALONG THE EAST LINE OF SAID TXDOT R.O.W. NORTH 49 DEGREES 58 MINUTES 51 SECONDS WEST, A DISTANCE OF 143.74 TO A POINT FOR CORNER AT BEGINNING OF A CURVE TO THE RIGHT WITH A RADIUS HAVING A CENTRAL ANGLE OF 02 DEGREES 51 MINUTES 13 SECONDS, A RADIUS OF 949.00 FEET, A CHORD BEARING OF NORTH 51 DEGREES 22 MINUTES 12 SECONDS EAST AND A CHORD LENGTH OF 47.26 FEET TO A POINT FOR CORNER IN THE SOUTHWEST LINE OF SAID R.O.W OF SAID N. BROADWAY;

THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 997.91 FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE SOUTH 50 DEGREES 53 MINUTES 00 SECONDS WEST, A DISTANCE OF 15.50 FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 130.31 FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE NORTH 50 DEGREES 53 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.50 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING IN THE SOUTHWEST LINE OF NORTH BROADWAY;

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 670.62 FEET TO THE POINT OF BEGINNING AND CONTAINING 421,263 SQUARE FEET OR 9.6709 ACRES.

TRACT 2:

INCLUDING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147 AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS, AND BEING ALL OF LOT 1, BLOCK 1, METROCEL BROADWAY ADDITION, AS RECORDED IN VOLUME 94102, PAGE 2065, PLAT RECORDS DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE OF NORTH BROADWAY (A40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A 60' R.O.W.):

THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 2107.52 FEET A SET 1/2" IRON ROAD AT THE POINT OF BEGINNING:

THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 250.70 FEET TO A FOUND 1/2" IRON ROD AT THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 1051.00 FEET, A CENTRAL ANGLE OF 02 DEGREES 34 MINUTES 36 SECONDS:

THENCE ALONG SAID CURVE TO THE RIGHT AN ARC DISTANCE OF 47.27 FEET TO A POINT FOR CORNER:

THENCE SOUTH 49 DEGREES 56 MINUTES 51 SECONDS EAST, A DISTANCE OF 197.63 FEET TO A POINT FOR CORNER:

THENCE NORTH 84 DEGREES 39 MINUTES 31 SECONDS EAST, A DISTANCE OF 63.21 FEET TO A POINT FOR CORNER:

THENCE NORTH 38 DEGREES 30 MINUTES 55 SECONDS WEST, A DISTANCE OF 152.57 FEET TO A POINT FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 185.97 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHEAST CORNER OF A TRACT OF LAND CONVEYED TO ROSS D. AND ALICIA P. WASHAM, AS RECORDED IN VOLUME 78007, PAGE 611, AND VOLUME 542, PAGE 1043, D.RD.CT:

THENCE NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 153.26 FEET TO A SET 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHWEST CORNER OF A 0.528 ACRE TRACT OF LAND CALLED "TRACT 11" OF THE ALEX W. PERRY SURVEY:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 84.95 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 76.65 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.05 FEET TO THE POINT OF BEGINNING AND CONTAINING 66420.20 SQUARE FEET OR 1.5248 ACRES OF LAND.

**Exhibit B**
**Trustee's Affidavit**

# Trustee's Affidavit

STATE OF TEXAS          §
                                        §
COUNTY OF DALLAS    §

Dennis M. Holmgren appeared in person before me today and stated under oath:

"My name is Dennis M. Holmgren. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"Under the direction of CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC, the legal holder of the deed of trust described below and of the obligations secured thereby, I, as the Trustee appointed to enforce the power of sale contained in the Deed of Trust and Assignment of Rents, recorded as Document Number 202400148664 in the Real Property Records of Dallas County, Texas on July 25, 2024, for the benefit of Carrollton Gateway Development Partners, LLC, securing payment of the Settlement Agreement recorded as Document Number 202300244715 in the Real Property Records of Dallas County, Texas by NAMHAWK, LLC in favor of CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC, as Holder, did have posted, on September 10, 2024, signed copies of a notice of foreclosure sale, at the officially designated place for such postings in Dallas County, Texas. I also had filed a duplicate of the notice of foreclosure sale with the county clerk's office of Dallas County, Texas, on September 10, 2024. A true and correct copy of the recorded notice is attached hereto as **Exhibit 1** and incorporated herein.

"I further served a true and correct copy of the notice of foreclosure sale on all obligors on September 10, 2024 by depositing the same, postage prepaid, certified mail, return receipt requested, in a post office or official depository of the U.S. Postal Service. A true and correct copy of the transmittal is attached hereto as **Exhibit 2** and incorporated herein.

"Further, on October 1, 2024, at a time not earlier than the time set forth in the notice of foreclosure sale and beginning not later than three hours thereafter, I did conduct the foreclosure sale. The foreclosure sale occurred at the north side of the Gorge Allen Courts Building in Dallas, Dallas County, Texas facing Commerce Street in the area where the other foreclosure sales were being conducted."

DENNIS M. HOLMGREN

SUBSCRIBED AND SWORN TO before me by Dennis M. Holmgren on this 1st day of October, 2024.

Seal

Notary Public, State of Texas

MEGAN BELLOMY
Notary Public, State of Texas
Comm. Expires 12-07-2025
Notary ID 133478404

TRUSTEE'S AFFIDAVIT

2

Exhibit 1
Foreclosure Notice



**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

### NOTICE OF TRUSTEE 'S SALE

STATE OF TEXAS      §
§           KNOWN ALL MEN BY THESE PRESENTS:
COUNTY OF DALLAS     §

Date:              September 10, 2024

Substitute Trustees:    **DENNIS M. HOLMGREN**
12801 North Central Expressway, Suite 140
Dallas, Texas 75243
(972) 484-7780

Beneficiary:         **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company.

Obligation:          That certain **SETTLEMENT AGREEMENT**, recorded as Document Number 202300244715 in the Real Property Records of Dallas County, Texas.

Grantor:            **NAMHAWK, LLC**, a Texas limited liability company

Grantor's Address:    2145 North Josey Lane, Suite 116-245
Carrollton, Texas 75006-2992

Deed of Trust:       **SECOND LIEN DEED OF TRUST**, recorded as Document 202400148664 in the Real Property Records of Dallas County, Texas on July 25, 2024

Real Property:       As set forth in **Exhibit A**, attached hereto and incorporated herein by reference

NOTICE OF SUBSTITUTE TRUSTEE'S SALE                                           1

County:                Dallas

Date of Sale:          **October 1, 2024**

Time of Sale:          **1:00 pm or no later than three (3) hours after such time.**

Place of Sale:         **THE NORTH SIDE OF THE GORGE ALLEN COURTS BUILDING FACING COMMERCE STREET OR AS OTHERWISE DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE OR COUNTY COURT**

WHEREAS, defaults have occurred in the covenants of the above-referenced Obligation and Deed of Trust, monetary or otherwise, and the indebtedness secured by and described in the Deed of Trust has been accelerated and is now wholly due, and **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC,** whose address is 12801 North Central Expressway, Suite 140, Dallas, Texas 75243, has requested the above-referenced Trustee to sell the Property in accordance with the terms and conditions of the Deed of Trust and Texas law.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN, that on **Tuesday, October 1, 2024 at 10:00 AM,** or within three (3) hours thereafter, the Trustee (or a Substitute Trustee) will offer the Property for sale at public auction at the above-referenced place of sale to the highest bidder for cash, "AS IS."

The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the deed of trust permitting the Mortgagee of Record thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the deed of trust at the time of sale.

**THE DEED OF TRUST IS A SECOND LIEN INSTRUMENT. IT IS SUBJECT TO THAT FIRST LIEN IN FAVOR OF BANCORPSOUTH BANK (NOW CADENCE BANK), RECORDED AS DOCUMENT NUMBER 202100287511 IN THE REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS.**

Those desiring to purchase the property will need to demonstrate their ability to pay their bid immediately in cash if their bid is accepted.

NOTICE IS FURTHER GIVEN THAT, EXCEPT TO THE EXTENT THAT THE SUBSTITUTE TRUSTEE MAY BIND AND OBLIGATE GRANTOR TO WARRANT TITLE THE PROPERTY UNDER THE TERMS OF THE DEED OF TRUST, CONVEYANCE OF THE PROPERTY SHALL BE MADE WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, ALL SUCH WARRANTIES BEING DISCLAIMED. THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, FITNESS FOR A PARTICULAR PURPOSE, OR THE LIKE FOR THE REAL AND PERSONAL PROPERTY IN THIS DISPOSITION. PROSPECTIVE BIDDERS ARE ADVISED TO

**CONDUCT AN INDEPENDENT INVESTIGATION OF THE NATURE AND PHYSICAL CONDITION OF THE PROPERTY.**

The sale will be made expressly subject to any title matters set forth in the deed of trust, but prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the property, if any, to the extent that they remain in force and effect and have not been subordinated to the deed of trust. The sale shall not cover any part of the property that has been released of public record from the lien of the deed of trust. Purchasers will receive whatever interest Grantor and Grantor's assigns have in the Property, subject to any legal impediments and exceptions appearing of record that may survive the sale. Prospective bidders are encouraged to consult counsel of their choosing prior to participating in the sale of the Property.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against Beneficiary, any Trustee, or the Trustee's attorney.

DENNIS M. HOLMGREN
Trustee

STATE OF TEXAS      §
                        §
COUNTY OF DALLAS    §

    SWORN TO AND SUBSCRIBED BEFORE ME, by Dennis M. Holmgren, this 10th day of September 2024, to certify which, witness my hand and seal of office.

[ S E A L ]

Notary Public, State of Texas

MEGAN BELLOMY
Notary Public, State of Texas
Comm. Expires 12-07-2025
Notary ID 133478404

My Commission Expires:

12-7-2025

**Exhibit A**
**Legal Description of the Property**

TRACT 1:
BEING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147
AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS,
AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS
FOLLOWS:
COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE
OF NORTH BROADWAY (A 40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A
60' R.O.W.);
THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39
DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 308.68 FEET A FOUND 1/2"
IRON ROAD AT THE POINT OF BEGINNING:
THENCE, SOUTH 51 DEGREES 20 MINUTES 21 SECONDS WEST, A DISTANCE OF 332.99
FEET TO A FOUND 1/2" IRON ROD FOR CORNER IN THE NORTHEAST LINE OF NORTH
I.H. 35-E, SAID POINT BEING THE BEGINNING OF A CURVE TO THE LEFT HAVING A
CENTRAL ANGLE OF 01 DEGREES 26 MINUTES 38 SECONDS, A RADIUS OF 6022.00
FEET, A CHORD BEARING OF NORTH 38 DEGREES 32 MINUTES 34 SECONDS WEST
AND A CHORD LENGTH OF 151.75 FEET;
THENCE, ALONG SAID CURVE TO THE LEFT AND ALONG SAID NORTHEAST LINE
OF NORTH I.H. 35-E, A DISTANCE OF 151.76 FEET TO A POINT FOR CORNER;
THENCE, CONTINUING ALONG SAID NORTH EAST LINE OF NORTH I.H. 35-E, NORTH
39 DEGREES 15 MINUTES 53 SECONDS WEST, A DISTANCE OF 1176.58 FEET TO A
POINT FOR CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;
THENCE, ALONG SAID SOUTH LINE OF SAID TXDOT RIGHT OF WAY, NORTH 58
DEGREES 25 MINUTES 47 SECONDS EAST, A DISTANCE OF 101.00 FEET TO A POINT
FOR CORNER IN THE SOUTHWEST LINE OF SAID TXDOT RIGHT OF WAY;
THENCE ALONG THE EAST LINE OF SAID TXDOT RIGHT OF WAY, NORTH 38
DEGREES 51 MINUTES 02 SECONDS WEST, A DISTANCE OF 128.12 TO A POINT FOR
CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;
THENCE, ALONG THE EAST LINE OF SAID TXDOT R.O.W. NORTH 49 DEGREES 58
MINUTES 51 SECONDS WEST, A DISTANCE OF 143.74 TO A POINT FOR CORNER AT
BEGINNING OF A CURVE TO THE RIGHT WITH A RADIUS HAVING A CENTRAL
ANGLE OF 02 DEGREES 51 MINUTES 13 SECONDS, A RADIUS OF 949.00 FEET, A
CHORD BEARING OF NORTH 51 DEGREES 22 MINUTES 12 SECONDS EAST AND A
CHORD LENGTH OF 47.26 FEET TO A POINT FOR CORNER IN THE SOUTHWEST LINE
OF SAID R.O.W OF SAID N. BROADWAY;
THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39
DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 997.91 FEET TO A SET 1/2"
IRON ROD FOR CORNER;
THENCE SOUTH 50 DEGREES 53 MINUTES 00 SECONDS WEST, A DISTANCE OF 15.50
FEET TO A SET 1/2" IRON ROD FOR CORNER;
THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 130.31
FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE NORTH 50 DEGREES 53 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.50 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING IN THE SOUTHWEST LINE OF NORTH BROADWAY;

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 670.62 FEET TO THE POINT OF BEGINNING AND CONTAINING 421,263 SQUARE FEET OR 9.6709 ACRES.

TRACT 2:

INCLUDING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147 AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS, AND BEING ALL OF LOT 1, BLOCK 1, METROCEL BROADWAY ADDITION, AS RECORDED IN VOLUME 94102, PAGE 2065, PLAT RECORDS DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE OF NORTH BROADWAY (A40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A 60' R.O.W.):

THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 2107.52 FEET A SET 1/2" IRON ROAD AT THE POINT OF BEGINNING:

THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 250.70 FEET TO A FOUND 1/2" IRON ROD AT THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 1051.00 FEET, A CENTRAL ANGLE OF 02 DEGREES 34 MINUTES 36 SECONDS:

THENCE ALONG SAID CURVE TO THE RIGHT AN ARC DISTANCE OF 47.27 FEET TO A POINT FOR CORNER:

THENCE SOUTH 49 DEGREES 56 MINUTES 51 SECONDS EAST, A DISTANCE OF 197.63 FEET TO A POINT FOR CORNER:

THENCE NORTH 84 DEGREES 39 MINUTES 31 SECONDS EAST, A DISTANCE OF 63.21 FEET TO A POINT FOR CORNER:

THENCE NORTH 38 DEGREES 30 MINUTES 55 SECONDS WEST, A DISTANCE OF 152.57 FEET TO A POINT FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 185.97 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHEAST CORNER OF A TRACT OF LAND CONVEYED TO ROSS D. AND ALICIA P. WASHAM, AS RECORDED IN VOLUME 78007, PAGE 611, AND VOLUME 542, PAGE 1043, D.RD.CT:

THENCE NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 153.26 FEET TO A SET 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHWEST CORNER OF A 0.528 ACRE TRACT OF LAND CALLED "TRACT 11" OF THE ALEX W. PERRY SURVEY:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 84.95 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 76.65 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.05 FEET TO THE POINT OF BEGINNING AND CONTAINING 66420.20 SQUARE FEET OR 1.5248 ACRES OF LAND.

Exhibit 2
Notice to Grantor and Obligors

# H J M M

**DENNIS M. HOLMGREN**
Member, State Bar of Texas and California
Registered to Practice Before the
United States Patent and Trademark Office

HOLMGREN JOHNSON MITCHELL MADDEN

## ******NOTICE OF FORECLOSURE SALE******

### THIS IS AN ATTEMPT TO COLLECT A DEBT
### ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

September 10, 2024

**VIA CMRRR**
**VIA FIRST CLASS MAIL**
Namhawk, LLC
2145 North Josey Lane #116-245
Carrollton, Texas 75006-2992

**VIA CMRRR**
**VIA FIRST CLASS MAIL**
Namhawk, LLC
c/o Young Sung
Registered Agent
4321 Milsop Drive
Carrollton, Texas 75010

**VIA CMRRR**
**VIA FIRST CLASS MAIL**
Young Sung
4321 Milsop Drive
Carrollton, Texas 75010

**VIA CMRRR**
**VIA FIRST CLASS MAIL**
YS Carrollton Investment, Inc.
c/o Young Sung
Registered Agent
4321 Milsop Drive
Carrollton, Texas 75010

**VIA CMRRR**
**VIA FIRST CLASS MAIL**
Dickerson 35 Investments, LLC
c/o Haridasan Pillai
Registered Agent
660 West Campbell Road
Suite 100
Richardson, Texas 75080

**VIA CMRRR**
**VIA FIRST CLASS MAIL**
Vin Thi Hien, LLC
c/o Vinh Ngoc Thanh Pham
Registered Agent
8302 Fallbrook Drive
Sachse, Texas 75048

Re:  That certain Settlement Agreement (the "Settlement Agreement"), recorded as Document
Number 202300244715 in the Real Property Records of Dallas County, Texas; and

That certain Second Lien Deed of Trust (the "Deed of Trust"), recorded as Document
202400148664 in the Real Property Records of Dallas County, Texas on July 25, 2024

12801 NORTH CENTRAL EXPRESSWAY | SUITE 140 | DALLAS, TEXAS 75243
(V) 972-484-7780 | (F) 972-484-7743 | (M) 214-519-1628
WWW.HJMMLEGAL.COM | DENNIS@HJMMLEGAL.COM

September 10, 2024
Page 2 of 2

Dear Obligors:

Relative to the above-referenced matter, I represent and write on behalf of Carrollton Gateway Development Partners, LLC ("CGDP").    Under the terms of the Settlement Agreement, the Settlement Funds were due on or before January 15, 2024.  They were not timely paid.  CDGP agreed to forebear subject to payment of $5,000.00 per month in delay payments.  To date, none of these payments have been made, and, as a result, the entirety of the Settlement Funds are owing as are the $45,000.00 in delay payments.

Enclosed you will find a Notice of Trustee's Sale.  I have noticed the property for a foreclosure sale to occur on October 1, 2024.

I thank you in advance for your time and attention to this matter.  Should you have any questions or concerns, please do not hesitate to contact me.

Best regards,

DENNIS M. HOLMGREN

cc:      **VIA CMRRR**
         **VIA FIRST CLASS MAIL**
         Mr. Robert Frisch, Esq.
         Attorney at Law
         15150 Preston Road, Suite 240
         Dallas, Texas 75248




ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

### NOTICE OF TRUSTEE 'S SALE

| STATE OF TEXAS | § | |
| COUNTY OF DALLAS | § | KNOWN ALL MEN BY THESE PRESENTS: |
| | § | |

**Date:** September 10, 2024

**Substitute Trustees:** **DENNIS M. HOLMGREN**
12801 North Central Expressway, Suite 140
Dallas, Texas 75243
(972) 484-7780

**Beneficiary:** **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company.

**Obligation:** That certain **SETTLEMENT AGREEMENT**, recorded as Document Number 202300244715 in the Real Property Records of Dallas County, Texas.

**Grantor:** **NAMHAWK, LLC**, a Texas limited liability company

**Grantor's Address:** 2145 North Josey Lane, Suite 116-245
Carrollton, Texas 75006-2992

**Deed of Trust:** **SECOND LIEN DEED OF TRUST**, recorded as Document 202400148664 in the Real Property Records of Dallas County, Texas on July 25, 2024

**Real Property:** As set forth in **Exhibit A**, attached hereto and incorporated herein by reference

NOTICE OF SUBSTITUTE TRUSTEE'S SALE          1

County:        Dallas

Date of Sale:  **October 1, 2024**

Time of Sale:  **1:00 pm or no later than three (3) hours after such time.**

Place of Sale:  **THE NORTH SIDE OF THE GORGE ALLEN COURTS BUILDING FACING COMMERCE STREET OR AS OTHERWISE DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE OR COUNTY COURT**

WHEREAS, defaults have occurred in the covenants of the above-referenced Obligation and Deed of Trust, monetary or otherwise, and the indebtedness secured by and described in the Deed of Trust has been accelerated and is now wholly due, and **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, whose address is 12801 North Central Expressway, Suite 140, Dallas, Texas 75243, has requested the above-referenced Trustee to sell the Property in accordance with the terms and conditions of the Deed of Trust and Texas law.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN, that on **Tuesday, October 1, 2024 at 10:00 AM,** or within three (3) hours thereafter, the Trustee (or a Substitute Trustee) will offer the Property for sale at public auction at the above-referenced place of sale to the highest bidder for cash, "AS IS."

The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the deed of trust permitting the Mortgagee of Record thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the deed of trust at the time of sale.

**THE DEED OF TRUST IS A SECOND LIEN INSTRUMENT. IT IS SUBJECT TO THAT FIRST LIEN IN FAVOR OF BANCORPSOUTH BANK (NOW CADENCE BANK), RECORDED AS DOCUMENT NUMBER 202100287511 IN THE REAL PROPERTY RECORDS OF DALLAS COUNTY, TEXAS.**

Those desiring to purchase the property will need to demonstrate their ability to pay their bid immediately in cash if their bid is accepted.

**NOTICE IS FURTHER GIVEN THAT, EXCEPT TO THE EXTENT THAT THE SUBSTITUTE TRUSTEE MAY BIND AND OBLIGATE GRANTOR TO WARRANT TITLE THE PROPERTY UNDER THE TERMS OF THE DEED OF TRUST, CONVEYANCE OF THE PROPERTY SHALL BE MADE WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, ALL SUCH WARRANTIES BEING DISCLAIMED. THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, FITNESS FOR A PARTICULAR PURPOSE, OR THE LIKE FOR THE REAL AND PERSONAL PROPERTY IN THIS DISPOSITION. PROSPECTIVE BIDDERS ARE ADVISED TO**

**CONDUCT AN INDEPENDENT INVESTIGATION OF THE NATURE AND PHYSICAL CONDITION OF THE PROPERTY.**

The sale will be made expressly subject to any title matters set forth in the deed of trust, but prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the property, if any, to the extent that they remain in force and effect and have not been subordinated to the deed of trust. The sale shall not cover any part of the property that has been released of public record from the lien of the deed of trust. Purchasers will receive whatever interest Grantor and Grantor's assigns have in the Property, subject to any legal impediments and exceptions appearing of record that may survive the sale. Prospective bidders are encouraged to consult counsel of their choosing prior to participating in the sale of the Property.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against Beneficiary, any Trustee, or the Trustee's attorney.

DENNIS M. HOLMGREN
Trustee

STATE OF TEXAS           §
                                      §
COUNTY OF DALLAS     §

SWORN TO AND SUBSCRIBED BEFORE ME, by Dennis M. Holmgren, this 10th day of September 2024, to certify which, witness my hand and seal of office.

[ S E A L ]

Notary Public, State of Texas

MEGAN BELLOMY
Notary Public, State of Texas
Comm. Expires 12-07-2025
Notary ID 133478404

My Commission Expires:

12-7-2025

**Exhibit A**
**Legal Description of the Property**

TRACT 1:
BEING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147
AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS,
AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS
FOLLOWS:
COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE
OF NORTH BROADWAY (A 40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A
60' R.O.W.);
THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39
DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 308.68 FEET A FOUND 1/2"
IRON ROAD AT THE POINT OF BEGINNING:
THENCE, SOUTH 51 DEGREES 20 MINUTES 21 SECONDS WEST, A DISTANCE OF 332.99
FEET TO A FOUND 1/2" IRON ROD FOR CORNER IN THE NORTHEAST LINE OF NORTH
I.H. 35-E, SAID POINT BEING THE BEGINNING OF A CURVE TO THE LEFT HAVING A
CENTRAL ANGLE OF 01 DEGREES 26 MINUTES 38 SECONDS, A RADIUS OF 6022.00
FEET, A CHORD BEARING OF NORTH 38 DEGREES 32 MINUTES 34 SECONDS WEST
AND A CHORD LENGTH OF 151.75 FEET;
THENCE, ALONG SAID CURVE TO THE LEFT AND ALONG SAID NORTHEAST LINE
OF NORTH I.H. 35-E, A DISTANCE OF 151.76 FEET TO A POINT FOR CORNER;
THENCE, CONTINUING ALONG SAID NORTH EAST LINE OF NORTH I.H. 35-E, NORTH
39 DEGREES 15 MINUTES 53 SECONDS WEST, A DISTANCE OF 1176.58 FEET TO A
POINT FOR CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;
THENCE, ALONG SAID SOUTH LINE OF SAID TXDOT RIGHT OF WAY, NORTH 58
DEGREES 25 MINUTES 47 SECONDS EAST, A DISTANCE OF 101.00 FEET TO A POINT
FOR CORNER IN THE SOUTHWEST LINE OF SAID TXDOT RIGHT OF WAY;
THENCE ALONG THE EAST LINE OF SAID TXDOT RIGHT OF WAY, NORTH 38
DEGREES 51 MINUTES 02 SECONDS WEST, A DISTANCE OF 128.12 TO A POINT FOR
CORNER IN THE SOUTHWEST LINE OF A TXDOT RIGHT OF WAY;
THENCE, ALONG THE EAST LINE OF SAID TXDOT R.O.W. NORTH 49 DEGREES 58
MINUTES 51 SECONDS WEST, A DISTANCE OF 143.74 TO A POINT FOR CORNER AT
BEGINNING OF A CURVE TO THE RIGHT WITH A RADIUS HAVING A CENTRAL
ANGLE OF 02 DEGREES 51 MINUTES 13 SECONDS, A RADIUS OF 949.00 FEET, A
CHORD BEARING OF NORTH 51 DEGREES 22 MINUTES 12 SECONDS EAST AND A
CHORD LENGTH OF 47.26 FEET TO A POINT FOR CORNER IN THE SOUTHWEST LINE
OF SAID R.O.W OF SAID N. BROADWAY;
THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39
DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 997.91 FEET TO A SET 1/2"
IRON ROD FOR CORNER;
THENCE SOUTH 50 DEGREES 53 MINUTES 00 SECONDS WEST, A DISTANCE OF 15.50
FEET TO A SET 1/2" IRON ROD FOR CORNER;
THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 130.31
FEET TO A SET 1/2" IRON ROD FOR CORNER;

THENCE NORTH 50 DEGREES 53 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.50 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING IN THE SOUTHWEST LINE OF NORTH BROADWAY;

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 670.62 FEET TO THE POINT OF BEGINNING AND CONTAINING 421,263 SQUARE FEET OR 9.6709 ACRES.

TRACT 2:

INCLUDING A TRACT OF LAND IN THE ALEX W. PERRY SURVEY, ABSTRACT NO. 1147 AND THE B.B.B. & C. R.R. SURVEY, ABSTRACT NO. 212, DALLAS COUNTY, TEXAS, AND BEING ALL OF LOT 1, BLOCK 1, METROCEL BROADWAY ADDITION, AS RECORDED IN VOLUME 94102, PAGE 2065, PLAT RECORDS DALLAS COUNTY, TEXAS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTHWEST RIGHT-OF-WAY LINE OF NORTH BROADWAY (A40' R.O.W.), AND THE NORTH LINE OF JACKSON ROAD (A 60' R.O.W.):

THENCE, ALONG SAID SOUTHWEST LINE OF NORTH BROADWAY, NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 2107.52 FEET A SET 1/2" IRON ROAD AT THE POINT OF BEGINNING:

THENCE, ALONG THE SOUTHWEST LINE OF NORTH BROADWAY SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 250.70 FEET TO A FOUND 1/2" IRON ROD AT THE BEGINNING OF A CURVE TO THE RIGHT HAVING A RADIUS OF 1051.00 FEET, A CENTRAL ANGLE OF 02 DEGREES 34 MINUTES 36 SECONDS:

THENCE ALONG SAID CURVE TO THE RIGHT AN ARC DISTANCE OF 47.27 FEET TO A POINT FOR CORNER:

THENCE SOUTH 49 DEGREES 56 MINUTES 51 SECONDS EAST, A DISTANCE OF 197.63 FEET TO A POINT FOR CORNER:

THENCE NORTH 84 DEGREES 39 MINUTES 31 SECONDS EAST, A DISTANCE OF 63.21 FEET TO A POINT FOR CORNER:

THENCE NORTH 38 DEGREES 30 MINUTES 55 SECONDS WEST, A DISTANCE OF 152.57 FEET TO A POINT FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 185.97 FEET TO A FOUND 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHEAST CORNER OF A TRACT OF LAND CONVEYED TO ROSS D. AND ALICIA P. WASHAM, AS RECORDED IN VOLUME 78007, PAGE 611, AND VOLUME 542, PAGE 1043, D.RD.CT:

THENCE NORTH 39 DEGREES 07 MINUTES 00 SECONDS WEST, A DISTANCE OF 153.26 FEET TO A SET 1/2" IRON ROD FOR CORNER, SAID CORNER BEING THE SOUTHWEST CORNER OF A 0.528 ACRE TRACT OF LAND CALLED "TRACT 11" OF THE ALEX W. PERRY SURVEY:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 84.95 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE SOUTH 39 DEGREES 07 MINUTES 00 SECONDS EAST, A DISTANCE OF 76.65 FEET TO A SET 1/2" IRON ROD FOR CORNER:

THENCE NORTH 55 DEGREES 46 MINUTES 00 SECONDS EAST, A DISTANCE OF 15.05 FEET TO THE POINT OF BEGINNING AND CONTAINING 66420.20 SQUARE FEET OR 1.5248 ACRES OF LAND.

## Dallas County
## John F. Warren
**Dallas County Clerk**

---

**Instrument Number:** 202400199102

eRecording - Real Property

Recorded On: October 02, 2024 01:17 PM                    Number of Pages: 27

---

**" Examined and Charged as Follows: "**

Total Recording: $125.00

---

**\*\*\*\*\*\*\*\*\*\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\*\*\*\*\*\*\*\*\*\***
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                    **Record and Return To:**

Document Number:     202400199102                        Simplifile

Receipt Number:      20241001000964

Recorded Date/Time:  October 02, 2024 01:17 PM

User:                Tineka S

Station:             Cc102

---



**STATE OF TEXAS**
**COUNTY OF DALLAS**

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Dallas County, Texas.

John F. Warren
Dallas County Clerk
Dallas County, TX

# **EXHIBIT F**

Carrollton Gateway's Schedules

**Fill in this information to identify the case:**

Debtor name ___Carrollton Gateway Development Partners, LLC___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___
(State)

Case number (If known): ___24-33858-sgj11___

☐ Check if this is an
amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals          12/15

---

### Part 1:   Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*...........................................................    $   14,480,000.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*........................................................    $   500,000.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*..........................................................    $   14,980,075.16

---

### Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..............    $   5,987,084.26

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.........................    $ _____

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.........    **+** $ _____

4. **Total liabilities**................................................................................    $   5,987,084.26
   Lines 2 + 3a + 3b

---

**Fill in this information to identify the case:**

Debtor name ___Carrollton Gateway Development Partners, LLC___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___
(State)

Case number (If known): ___24-33585-sgj11___

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. North Dallas Bank and Trust Company | Checking | 1  3  2  4 | $ 75.16 |
| 3.2. | | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____ — $_____
   4.2. _____ — $_____

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. — $ 75.16

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____ — $_____
   7.2. _____ — $_____

Debtor   Carrollton Gateway Development Partners, LLC _____   Case number *(if known)* 24-33858-sgj11 _____
       Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. _____   $_____

   8.2. _____   $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.   $_____

---

**Part 3:   Accounts receivable**

10. **Does the debtor have any accounts receivable?**

   ☒ No. Go to Part 4.

   ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 11. **Accounts receivable** | |
| 11a. 90 days old or less:  _____ – _____ = ...... ➜ <br> face amount    doubtful or uncollectible accounts | $_____ |
| 11b. Over 90 days old:  _____ – _____ = ...... ➜ <br> face amount    doubtful or uncollectible accounts | $_____ |

12. **Total of Part 3**

   Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $_____

---

**Part 4:   Investments**

13. **Does the debtor own any investments?**

   ☒ No. Go to Part 5.

   ☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. _____ | _____ | $_____ |
| 14.2. _____ | _____ | $_____ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity:        % of ownership: | | |
| 15.1. _____  _____% | _____ | $_____ |
| 15.2. _____  _____% | _____ | $_____ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. _____ | _____ | $_____ |
| 16.2. _____ | _____ | $_____ |

17. **Total of Part 4**

   Add lines 14 through 16. Copy the total to line 83.   $_____

---

Official Form 206A/B          **Schedule A/B: Assets — Real and Personal Property**          page 2

Debtor  Carrollton Gateway Development Partners, LLC  24-33858-sgj11
        Name _____  Case number (if known) _____

---

**Part 5:** **Inventory, excluding agriculture assets**

18. Does the debtor own any inventory (excluding agriculture assets)?

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$ _____

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

**Part 6:** **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

---

Debtor    Carrollton Gateway Development Partners, LLC    Case number *(if known)*    24-33858-sgj11
_____    _____
        Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:** **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** <br> _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** <br> _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** <br> _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** _Examples:_ Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor _____ Case number *(if known)*___24-33858-sgj11___
        Carrollton Gateway Development Partners, LLC
        Name

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

    Add lines 47 through 50. Copy the total to line 87.                    $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

    ☐ No

    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

---

| Debtor | Carrollton Gateway Development Partners, LLC | Case number *(if known)* 24-33858-sgj11 |
|---|---|---|
| | Name | |

<table>
<tr><td>**Part 9:**</td><td>**Real property**</td></tr>
</table>

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☒ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 As described in Doc. No. 202400199102, RPR DCT | Fee Simple | $ 14,480,000.00 | 7/15/21 appraisal | $ 14,480,000.00 |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 14,480,000.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

<table>
<tr><td>**Part 10:**</td><td>**Intangibles and intellectual property**</td></tr>
</table>

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$

| | |
|---|---|
| Debtor | Carrollton Gateway Development Partners, LP |
| | Name |

Case number (if known) __24-33858-sgj11__

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No
☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

_____   _____ − _____ = ➜   $_____
                            Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| | |
|---|---|
| _____ | Tax year _____   $_____ |
| _____ | Tax year _____   $_____ |
| _____ | Tax year _____   $_____ |

73. **Interests in insurance policies or annuities**

_____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

Case No. DC-24-00686, in the 191st Judicial District Court, Dallas County, Texas

$ 500,000.00

Nature of claim   Settlement agreement
Amount requested   $ 550,000.00

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $_____

Nature of claim   _____
Amount requested   $_____

76. **Trusts, equitable or future interests in property**

_____   $_____

77. **Other property of any kind not already listed**   *Examples:* Season tickets, country club membership

_____   $_____
_____   $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ 500,000.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No
☐ Yes

Debtor    Carrollton Gateway Development Partners, LLC
_____
Name

Case number *(if known)*    24-33858
_____

---

| Part 12: | Summary |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 75.16 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $_____ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____ | |
| 88. **Real property.** *Copy line 56, Part 9.* ...........................➜ | | $ 14,480,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $_____ | |
| 91. **Total.** Add lines 80 through 90 for each column............91a. | $ 500,000.00 | + 91b. $_____ |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ...........................   $ 14,980,075.16

| Fill in this information to identify the case: |
| --- |

Debtor name: Carrollton Gateway Development Partners, LLC

United States Bankruptcy Court for the: Northern District of Texas
(State)

Case number (If known): 24-33585-sgj11

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:  Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**                                                                                   $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1. North Dallas Bank and Trust Company | Checking | 1  3  2  4 | $ 75.16 |
| 3.2. | | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____     $_____
   4.2. _____     $_____

5. **Total of Part 1**                                                                               $ 75.16

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2:  Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____     $_____
   7.2. _____     $_____

Debtor   Carrollton Gateway Development Partners, LLC                                      24-33858-sgj11
         Name                                                       Case number (if known)_____

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. _____   $_____

   8.2. _____   $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                              $_____

---

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    | | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:   _____ – _____ = ........ ➡   $_____
                                 face amount        doubtful or uncollectible accounts

    11b. Over 90 days old:      _____ – _____ = ........ ➡   $_____
                                 face amount        doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.        $_____

---

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____   _____   $_____

    14.2. _____   _____   $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                           % of ownership:

    15.1. _____   _____%   _____   $_____

    15.2. _____   _____%   _____   $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____   _____   $_____

    16.2. _____   _____   $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                          $_____

---

Debtor    Carrollton Gateway Development Partners, LLC                    Case number *(if known)* 24-33858-sgj11
_____
Name

---

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

18. Does the debtor own any inventory (excluding agriculture assets)?

  ☒ No. Go to Part 6.

  ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

**24. Is any of the property listed in Part 5 perishable?**

  ☐ No

  ☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

  ☐ No

  ☐ Yes. Book value _____    Valuation method_____    Current value_____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

  ☐ No

  ☐ Yes

---

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

  ☒ No. Go to Part 7.

  ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $_____ | | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | $_____ | | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $_____ | | $_____ |

---

| Debtor | Carrollton Gateway Development Partners, LLC | Case number *(if known)* | 24-33858-sgj11 |
|---|---|---|---|
| | Name | | |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:** Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ _____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

| Debtor | Carrollton Gateway Development Partners, LLC | Case number *(if known)* | 24-33858-sgj11 |
|--------|------|------|------|
| | Name | | |

---

**Part 8:** **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|------|------|------|------|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |
| **49. Aircraft and accessories** | | | |
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor Carrollton Gateway Development Partners, LLC

Name

Case number (if known) 24-33858-sgj11

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☒ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 As described in Doc. No. 202400199102, RPR DCT | Fee Simple | $ 14,480,000.00 | 7/15/21 appraisal | $ 14,480,000.00 |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 14,480,000.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets**<br>_____ | $ _____ | _____ | $ _____ |
| **61. Internet domain names and websites**<br>_____ | $ _____ | _____ | $ _____ |
| **62. Licenses, franchises, and royalties**<br>_____ | $ _____ | _____ | $ _____ |
| **63. Customer lists, mailing lists, or other compilations**<br>_____ | $ _____ | _____ | $ _____ |
| **64. Other intangibles, or intellectual property**<br>_____ | $ _____ | _____ | $ _____ |
| **65. Goodwill**<br>_____ | $ _____ | _____ | $ _____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____

Debtor   Carrollton Gateway Development Partners, L...     Case number *(if known)*_____
Name                                                      24-33858-sgj11

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)

_____   _____ − _____ = ➡  $_____
                            Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   $_____
_____   Tax year _____   $_____
_____   Tax year _____   $_____

73. **Interests in insurance policies or annuities**

_____   $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

Case No. DC-24-00686, in the 191st Judicial District Court, Dallas County, Texas     $ 500,000.00

Nature of claim    Settlement agreement

Amount requested   $ 550,000.00

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____   $_____

Nature of claim    _____

Amount requested   $_____

76. **Trusts, equitable or future interests in property**

_____   $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____   $_____
_____   $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   $ 500,000.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No

☐ Yes

Debtor    Carrollton Gateway Development Partners, LLC     Case number *(if known)*    24-33858
          Name

---

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 75.16 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | |
| 88. **Real property.** *Copy line 56, Part 9.* ............➔ | | $ 14,480,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ | |
| 91. **Total.** Add lines 80 through 90 for each column............ 91a. | $ 500,000.00 | + 91b. $ |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ................................................. | | $ 14,980,075.16 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Carrollton Gateway Development Partners, LLC |
| United States Bankruptcy Court for the: | Northern District of Texas |
| | (State) |
| Case number (If known): | 24-33858-sgj1 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

---

**Part 1:**   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | **Column A** Amount of claim Do not deduct the value of collateral. | **Column B** Value of collateral that supports this claim |
|---|---|---|

**2.1** **Creditor's name**
Cadence Bank

**Describe debtor's property that is subject to a lien**
As described in Document Number 202400199102

$ 5,830,898.29     $ 14,480,000.00

Real Property Records, Dallas County, Texas

**Creditor's mailing address**
c/o Haley Olsen, 100 Ritchie Road, Suite 200, Waco, TX 76712

**Describe the lien**
First lien- Doc. No. 202100287511, RPR DCT

**Is the claim subject to offset an insider or related party?**
☐ No
☑ Yes

**Creditor's email address, if known**
brasner@haleyolson.com

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Date debt was incurred** 9/27/21

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.
   Propel Financial Services

The Debtor states that this creditor has a lien on property owned by it, but is not personally liable on the obligation.

**2.2** **Creditor's name**
Propel Financial Services

**Describe debtor's property that is subject to a lien**
As described in Document Number 202400199102

$ 66,094.97     $ 14,480,000.00

Real Property Records, Dallas County, Texas

**Creditor's mailing address**
P.O. Box 100350
San Antonio, TX 78201

**Describe the lien**
Transfer of ad valorem tax lien

**Is the claim subject to offset an insider or related party?**
☑ No
☐ Yes

**Creditor's email address, if known**

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Date debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   ☐ Yes. The relative priority of creditors is specified on lines 1

The Debtor states that this creditor has a lien on property owned by it, but is not personally liable on the obligation.

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**
$ 5,987,084.26

| Debtor | Carrollton Gateway Development Partners, LLC | Case number (if known) | 24-33858-sgj11 |
|--------|---------------------------------------------|-------------------------|----------------|
| | Name | | |

| **Part 1:** | **Additional Page** | **Column A** **Amount of claim** Do not deduct the value of collateral. | **Column B** **Value of collateral that supports this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.__**

**Creditor's name**

**Creditor's mailing address**

**Creditor's email address, if known**

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
　☐ No. Specify each creditor, including this creditor, and its relative priority.
　　_____
　　_____
　　_____
　☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

$_____     $_____

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.__**

**Creditor's name**

**Creditor's mailing address**

**Creditor's email address, if known**

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
　☐ No. Specify each creditor, including this creditor, and its relative priority.
　　_____
　　_____
　　_____
　☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

$_____     $_____

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

Debtor Carrollton Gateway Development Partners, LLC Case number (*if known*) 24-33858-sgj11
Name

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Namhawk, LLC<br>c/o Brandon Tittle, 1125 Legacy Drive, Suite 230, Frisco, TX 75034 | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |
| | Line 2. __ | ___ ___ ___ ___ |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor | Carrollton Gateway Development Partners, LLC |
| United States Bankruptcy Court for the: | Northern District of Dallas (State) |
| Case number (If known) | 24-33858-sgj11 |

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address
_____
_____
_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.2** Priority creditor's name and mailing address
_____
_____
_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.3** Priority creditor's name and mailing address
_____
_____
_____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim $_____    Priority amount $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

Debtor _____
       Name

Case number (if known) _____

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | | $_____ |
| 5b. **Total claims from Part 2** | 5b. | **+** | $_____ |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $_____ |

**Fill in this information to identify the case:**

Debtor name        Carrollton Gateway Development Partners, LLC

United States Bankruptcy Court for the:   Northern        District of   Texas
                                                                        (State)
Case number (If known):   24-33858-sgj11        Chapter   11

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases     12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | Contract for sale of real property | Strange and Sons Develpoment, LLC |
| | | 5808 Scenic Bay Court |
| State the term remaining | | Arlington, TX 76013 |
| List the contract number of any government contract | | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest | | |
| State the term remaining | | |
| List the contract number of any government contract | | |

| Fill in this information to identify the case: |
|---|

| Debtor name | Carrollton Gateway Development Partners, LLC |
|---|---|
| United States Bankruptcy Court for the: | Northern _____ District of ____ Texas ____ |
| | (State) |
| Case number (If known): | 24-33585-sgj11 |

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☒ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** / **Mailing address** | | **Name** | **Check all schedules that apply:** |
| 2.1 Namhawk, LLC | c/o Brandon Tittle<br>Street<br>1125 Legacy Drive, Suite 230<br>Frisco TX 75034<br>City State ZIP Code | Cadence Bank | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 Namhawk, LLC | c/o Brandon Tittle<br>Street<br>1125 Legacy Drive, Suite 230<br>Frisco TX 75034<br>City State ZIP Code | Propel Financial Services | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 | Street<br><br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | Street<br><br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | Street<br><br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | Street<br><br>City State ZIP Code | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Carrollton Gateway Development Partners, LLC___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___
(State)

Case number (*If known*): ___24-33585-sgj11___

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/2/2024___          ✗ _____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

Dennis Holmgren
_____
Printed name

Manager, Urban Planning Partner, LLC,
Manager of the Debtor
_____
Position or relationship to debtor